# CIRCUIT COURT OF LOUDOUN COUNTY

Gloria Robinson

v.

Giant of Maryland, Inc.

October 2, 1998

Case No. (Law) 21080

BY JUDGE JEAN HARRISON CLEMENTS

This case came before the Court on September 4, 1998, on Defendant Giant of Maryland, Inc.'s, Plea in Bar. The Defendant submits its plea on the grounds that the claims asserted in Plaintiff Gloria Robinson's Motion for Judgment are barred by the applicable statute of limitations. After presentation of evidence and argument of counsel, the Court has taken this case under advisement.

Gloria Robinson (Plaintiff) alleges that on January 25, 1995, while shopping in a supermarket known as the Giant Food Store in Leesburg, Virginia, she slipped and fell to the floor. She has, allegedly, sustained serious and permanent bodily injuries. A Motion for Judgment was filed by the Plaintiff on January 23, 1997, in the Circuit Court of Loudoun County, at Law No. 18706, naming Giant Food Stores, Inc., a Delaware corporation, as the Defendant. Service of Process was to be made on Beverley L. Crump, Registered Agent, Richmond, Virginia. Plaintiff's Exhibit No. 1.

An order was entered on October 23, 1997, two years and nine months after the alleged personal injury, amending the motion for judgment by naming Giant of Maryland, Inc., a Maryland corporation, as the proper Defendant and the proper place of incorporation. The order permits service of process to be executed on David L. Hilton, Esq., Registered Agent, whose office is located in Arlington, Virginia. Plaintiff's Exhibit No. 2.

On February 6, 1998, an order was entered by the Circuit Court of Loudoun County nonsuiting the action consistent with Va. Code Ann. § 8.01-

380 (Michie 1992). Giant Food of Maryland, Inc., was named as defendant. Plaintiff's Exhibit No. 3.

The action was recommended by filing a Motion for Judgment on July 24, 1998, at Law No. 21080 and naming Giant of Maryland, Inc., as Defendant. The Registered Agent is listed as David L. Hilton, Esq., Arlington, Virginia. Service of process was executed on July 31, 1998. Plaintiff relies on the voluntary nonsuit taken February 6, 1998, to toll the statute of limitations in naming the correct party defendant. Defendant seeks an order dismissing the action as barred by the applicable statute of limitations with prejudice and an award of costs on its behalf expended.

The statute of limitations is tolled by the timely filing of a motion for judgment, in the case at bar, on or before January 25, 1997, correctly naming the party defendant. A subsequent amendment to the motion for judgment correcting the identity of a defendant or defendants is likewise restricted to the same time parameters, namely, two years in a personal injury suit, or in the case at bar, by January 25, 1997. An exception is allowed for correction of a misnomer or for the addition of named defendant(s) pursuant to Va. Code Ann. § 8.01-6 (Michie 1992). Plaintiff's reliance on the nonsuit is moot if the Defendant's objection to the action as filed as being beyond the statute of limitations is sustained by the Court. The dispositive question in this case is whether the amended motion for judgment relates back to the original complaint as a misnomer or by the addition of a new defendant pursuant to § 8.01-6.

It is well settled that curing a misnomer perfects the identity of the defendant, conceding that the suit has the right person, but the wrong name. When the wrong party defendant is named and served with process, the mistake cannot be corrected by labeling it a misnomer. *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971). An affidavit (Defendant's Exhibit No. 1) by the Assistant Secretary of Giant Food, Inc., a parent company of Giant of Maryland, Inc., which operated the grocery store located at Leesburg, Virginia, on the date of the alleged injury, affirms that "Giant Food, Inc., and Giant of Maryland, Inc., are not now, nor have they ever been related in any way to Giant Food Stores, Inc." Giant of Maryland, Inc., and Giant Food Stores, Inc., do not share the same Registered Agent, and they are not related in the corporate chain. The Court finds that Giant Food Stores, Inc., is a separate entity from Giant of Maryland, Inc., the original pleading incorrectly named the proper party defendant, and the error was material.

As further evidence, the Court looks to the order entered on October 23, 1997, finding that the Defendant Giant Food Stores, Inc., a Delaware corporation, was named in error. The party named on January 23, 1997, was

dismissed, and Giant of Maryland, Inc., was named as the proper defendant and the proper place of incorporation. This is not a case of misnomer, but a wholly wrong party sued.

The Plaintiff in order to effectively change the party against whom a claim is asserted and to relate back to the date of the original pleading must meet several conditions pursuant to § 8.01-6. *Mokhiber v. Giant Food, Inc.*, 24 Va. Cir. 61 (1991). The conditions are:

1. The claim asserted in the amended pleading must arise out of the occurrence set forth in the original pleading. In the case at bar, the claim asserted in the amended motion for judgment did relate to the same transaction as set forth in the original complaint;

2. The parties to be brought into the suit have received notice within the limitations period prescribed for commencing the action that they will not be prejudiced in maintaining their defense on the merits. In the case at bar, service of process could not be effectuated before the October 23, 1997, order amending the motion for judgment and naming Giant of Maryland, Inc., as defendant. Service was perfected on the Registered Agent for Giant of Maryland, Inc., on July 31, 1998, eighteen months past the statutory limit for filing the suit, and therefore, notice was not received as required by § 8.01-6;

3. The parties knew or should have known that, but that for the mistake concerning the identity of the proper parties, the action would have been brought against them. There is no evidence that Giant of Maryland, Inc., had any notice of mistaken identity or impending suit.

The conditions of § 8.01-6 have not been satisfied.

Therefore, the October 1997 amended motion for judgment does not substitute Giant of Maryland, Inc., for Giant Food Stores, Inc., as curing a misnomer nor as an effective addition of a named defendant pursuant to § 8.01-6. The amended motion for judgment does not relate back to the original pleading, and the action is therefore barred by the applicable statute of limitations. The Plea in Bar is sustained, and the action against Giant of Maryland, Inc., is dismissed with prejudice.