# Richmond

ARTHUR H. ROCKWELL v. KERMIT E. ALLMAN, ADMR., ETC., ET AL.

March 8, 1971.

Record No. 7301.

Present, All the Justices.

W. M. Gravatt, Jr. (Benjamin E. Chapman, on brief), for plaintiff in error.

W. H. Jolly (Kime, Jolly & Clemens, on brief), for defendants in error.

Per Curiam.

On December 15, 1964 Arthur H. Rockwell received personal injuries when a truck he was driving collided with a car operated by Jacie Arbell Underwood Shotwell in Roanoke county. Mrs. Shotwell died as a result of injuries she sustained in the accident. Information supplied by the Division of Motor Vehicles and State police indicated that Mrs. Shotwell resided in the City of Roanoke. Upon motion of Rockwell the Circuit Court of the City of Roanoke, pursuant to the provisions of Code § 64-124 (now § 64.1-131), appointed the City Sergeant, Kermit E. Allman, Administrator of Mrs. Shotwell's estate. On November 14, 1966 Rockwell filed in that court

a motion for judgment against Allman seeking damages for his injuries. Allman filed a responsive pleading thereto.

On July 9, 1968, the date set for trial, counsel for Allman introduced evidence that showed Mrs. Shotwell resided in "a mansion house" owned by her in Botetourt county at the time of her death; that on December 21, 1964 Corldeen Frances Berry and Barbara Jean Higgins, daughters of Mrs. Shotwell, qualified as administratrices of her estate in the Circuit Court of Botetourt County, and that the administratrices' final account was filed and approved on August 16, 1965.

On July 30, 1968 Allman filed a motion for summary judgment on the ground that his appointment as administrator was void because the court lacked jurisdiction to make the appointment. On the same day Rockwell moved the court to permit him, pursuant to Code §§ 8-97 and 8-119 and Rule 3:13, to amend his motion for judgment "to correct a misnomer" by substituting the administratrices as the party defendant in lieu of Allman. The trial court overruled Rockwell's motion to amend and granted Allman's motion for summary judgment.

The narrow issue presented in this appeal is whether the naming of Allman as the party defendant was a misnomer.

Under the facts of this case there was no misnomer. Allman's appointment was void. *Andrews* v. *Avory, et als.*, 55 Va. (14 Gratt.) 229, 236 (1858). Any judgment rendered against him as Mrs. Shotwell's administrator would be a nullity. The actual administratrices whom Rockwell sought to substitute for Allman as party defendant bear no relation of interest to Allman and were never served with process. A misnomer is a mistake in name, but not person. Here the wrong person was named and it cannot be corrected under § 8-97 by labelling it a misnomer.

Our holding in *Jacobson* v. *Southern Biscuit Company*, 198 Va. 813, 97 S.E.2d 1 (1957), is not to the contrary. There we permitted an amendment to the pleadings because the right party was before the court "although under a wrong name". Here the party before the court, Kermit E. Allman, Administrator, was not the right party because his appointment as administrator was void.

*Affirmed.*