## CIRCUIT COURT OF LOUDOUN COUNTY

Hind Mokhiber

    v.

Giant Food, Inc., et al.

Case No. (Law) 11994

By JUDGE JAMES H. CHAMBLIN

April 22, 1991

This case is before the Court on the Demurrer and Plea in Bar of Giant Food, Inc., and Giant of Virginia, Inc., to the Amended Motion for Judgment. After oral argument on April 5, 1991, the Court took the matter under advisement.

For the reasons hereinafter set forth, the Demurrer is overruled at this time, and the Plea in Bar is denied at this time. However, the plaintiff is entitled to an evidentiary hearing on whether or not she is entitled to the benefit of the savings provisions of the second sentence of § 8.01-6. The issues raised by the Demurrer and the Plea in Bar are factual issues that must be resolved by an evidentiary hearing.

On December 20, 1990, the plaintiff filed a motion for judgment against Giant Food Stores, Inc., alleging that she was injured in a slip and fall accident at a food store operated by Giant Food Stores, Inc., on December 20, 1988. On February 1, 1991, the plaintiff filed an affidavit of her counsel that he discovered a misnomer in the naming of the defendant and that the "target defendant" is Giant Food, Inc., which "was fully apprised of the nature of the plaintiff's claims throughout 1990."

The plaintiff was heard on February 1, 1991, on a motion to correct a misnomer, i.e., Giant Food Stores, Inc., is a misnomer of Giant Food, Inc., and to add Giant of Virginia, Inc., as a co-defendant. The plaintiff's motion was granted by order entered February 11, 1991, and on that day the plaintiff filed an amended motion for judgment against Giant Food, Inc., and Giant of Virginia, Inc., alleging that both defendants operated the food store where the plaintiff slipped and fell and that Giant of Virginia, Inc., is a wholly owned subsidiary of Giant Food, Inc.

Giant of Virginia, Inc., and Giant Food, Inc. (the latter by special appearance) filed a Demurrer stating merely that the Amended Motion for Judgment fails to state a cause of action upon which relief can be granted and a Plea in Bar that any claim is barred by the applicable statute of limitations.

At argument on April 5, 1990, counsel argued whether or not there was a misnomer and the effect of the 1990 amendment to § 8.01-6.

I must conclude that Giant Food, Inc., and Giant Food Stores, Inc., are separate and distinct corporations. Mr. Drennan's affidavit filed on February 1, 1991, acknowledges that the two are "distinct" and "unrelated." The affidavit is not an "Affidavit of the right name" as required, if there is a misnomer, by the first sentence of § 8.01-6. Hence, the affidavit is, at most, an assertion of the right party against whom the claim should have been asserted in an attempt to avail the plaintiff of the benefit of the second sentence of § 8.01-6. Giant of Virginia, Inc., is not mentioned in the affidavit.

Considering the motion, the affidavit and the order entered February 11, 1991, I am of the opinion that the amended motion for judgment asserts a claim against Giant Food, Inc., as opposed to Giant Food Stores, Inc., and adds Giant of Virginia, Inc., as a defendant. Accordingly, the plaintiff would be able to seek the relation-back protection of the second sentence of § 8.01-6 as to Giant Food, Inc., but the claim against Giant of Virginia, Inc., would be barred under the two-year statute of limitations because it was not brought in until February 11, 1991. *Webb v. United States Fid. & Guar. Co.*, 165 Va. 388, 393 (1935).

However, in footnote 1 of the defendant's Memorandum filed March 27, 1991, they state:

> While the defendants dispute that there is a misnomer, the defendants would agree that if the Amended Motion for Judgment relates back, it would do so as to both defendants.

The plaintiff is entitled to an evidentiary hearing to determine if the relation-back protection of the second sentence of § 8.01-6 is available to her. It is apparent to the Court that the claim asserted in the amended motion for judgment arose out of the conduct, transaction or occurrence set forth in the original motion for judgment. Therefore, at the hearing, the plaintiff will have the burden of proving by a preponderance of the evidence that within the two-year limitation period, Giant Food, Inc., and Giant of Virginia, Inc., received notice of the institution of this action, that they will not be prejudiced in defending this case on the merits, and that they knew, or should have known, that but for the mistake concerning the identity of the proper parties, the action would have been brought against them. The burden is on the plaintiff because the statute is for her benefit, and it would be unfair to require the defendants to prove a negative.

June 5, 1991

Pursuant to the opinion letter herein dated April 22, 1991, the plaintiff was granted an evidentiary hearing to determine if she is entitled to the "relation back" protection of the 1990 amendment to § 8.01-6 (the misnomer statute). The Court heard evidence presented by both parties on May 30, 1991.

For the reasons hereinafter set forth, the Plea in Bar (a plea of the statute of limitations) of the defendants Giant of Virginia, Inc., and Giant Food, Inc., is sustained, and this action is dismissed with prejudice as to these defendants. Please refer to the opinion letter of April 22, 1991, for the proceedings in this case leading up to the hearing on May 30, 1991.

Section 8.01-6 contains several conditions that must be satisfied before an amendment changing the party against

whom a claim is asserted relates back to the date of the original pleading. One such condition is that "within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action . . . ." The statute is clear and unambiguous; therefore, there is no need for construction by the Court. The plain meaning of the statute will be given effect. *Moore v. Gillis*, 239 Va. 241 (1989); *Brown v. Lukhard*, 229 Va. 316, 321 (1985).

Section 8.01-2 defines "action" to "include all civil proceedings whether at law, in equity, or statutory in nature and whether in circuit courts or district courts." Hence, "notice of institution of the action" as used in Section 8.01-6 clearly means notice of the filing (a suit is instituted by filing it) of a suit. It does not mean notice of the claim upon which a suit may be filed or a belief, reasonable or otherwise, that suit would be filed.

The limitations period expired December 20, 1990, but the plaintiff presented no evidence that the defendants received notice of the filing of the suit on or before December 20, 1990. The plaintiff offered into evidence seven letters to the defendants' insurer. The last was dated December 7, 1990, but it did not state that suit had been filed or even that suit would be filed on or by a certain date. The plaintiff made no demand on the defendants before the suit was filed. A courtesy copy of the motion for judgment was not sent to the insurer.

The defendants' evidence showed that the insurer first received notice on January 31, 1991, that suit had been filed on December 20, 1990, when it received notice that the plaintiff had moved to amend the motion for judgment.

While the plaintiff has shown that the defendants had notice of her claim before she filed suit and that the defendants would have had reason to believe that suit would be filed within the limitations period, § 8.01-6 requires that the defendants receive notice of the filing of the suit within the limitations period. The plaintiff has not shown by a preponderance of the evidence that the defendants did receive notice of the institution of the action within the limitations period.