Present:  All the Justices

JAMES M. SWANN

v.    Record No. 951761    OPINION BY JUSTICE ELIZABETH B. LACY
                                         September 13, 1996
STEVEN L. MARKS, ESQ.,
PERSONAL REPRESENTATIVE, ETC.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

In this personal injury action, we consider whether a motion for judgment filed against the "estate" of a deceased person tolls the statute of limitations, and whether substitution of the personal representative for the "estate" is the correction of a misnomer under Code § 8.01-6.

On March 29, 1990, James M. Swann was injured when the automobile in which he was riding was involved in an accident with another vehicle driven by William L. Wild, a resident of Delaware.  Wild died on January 18, 1991, from causes unrelated to the accident.  Swann learned of Wild's death in July 1992, and on December 18, 1992, filed a motion for judgment against "Estate of William L. Wild."[1]  Almost two years later, on October 5, 1994, Steven L. Marks qualified as the personal representative of Wild's Estate.

On February 3, 1995, a number of events happened.  In an ex parte proceeding, Swann was allowed to amend his pleading and substitute Steven L. Marks, personal representative of the estate

_____

[1]Swann had filed a motion for judgment on February 5, 1992, naming William L. Wild as the defendant.  No further action was taken on that motion for judgment, and it is not involved in this appeal.

of William L. Wild, for the named defendant "Estate of William L. Wild." The trial court's order indicates that the substitution was "to correct [a] misnomer" and that it related back to the filing date of the original pleading pursuant to Code § 8.01-6. Following the entry of this order, Swann asked for and was granted a nonsuit. An hour later Swann refiled his motion for judgment naming "Steven L. Marks, Esq., Personal Representative of the Estate of William L. Wild and as Administrator C.T.A. of This Estate" as the defendant.

Marks filed a special plea asserting that the refiled suit was barred by the statute of limitations. Following a hearing and further proceedings, the trial court granted Marks' plea and dismissed Swann's motion for judgment. We awarded Swann an appeal.

Swann argues that his action is not barred by the statute of limitations because the filing of the motion for judgment against the "Estate of William L. Wild" was timely and tolled the statute of limitations; that the substitution of Marks was the correction of a misnomer under Code § 8.01-6; that the nonsuit was properly granted; and that the nonsuit order was a final judgment precluding reconsideration of those issues in the refiled suit. Swann's arguments are grounded on the proposition that a motion for judgment against the "estate" of a deceased person is valid and tolls the statute of limitations. Because this premise is erroneous, we will affirm the judgment of the trial court.

The statute of limitations period for Swann's personal injury action would have expired on March 29, 1992, two years

after the accident. Code § 8.01-229(B)(2)(a) provides, however, that when a party against whom a personal action may be brought dies before the suit is commenced, the suit will be considered timely if it is filed "within one year after the qualification" of the decedent's personal representative. The provisions of § 8.01-229(B)(6) in effect at the times relevant here, provided that, if the personal representative qualified more than one year after the death, the personal representative was "deemed to have qualified on the last day" of the one year period extending the limitations period. Applying these provisions to the facts of this case, Marks is deemed to have qualified as personal representative on January 18, 1992, and the limitations period was extended until January 18, 1993. Thus, Swann's motion for judgment pending on that date, the action against the "Estate of William L. Wild," must qualify as a valid action to avoid the statute of limitations bar.

Marks contends that suit against an "estate" is a nullity and cannot toll the statute of limitations. We agree. To toll the statute of limitations, a suit must be filed against a proper party. Virginia statutes do not authorize an action against an "estate." Code §§ 8.01-229(B)(1) and (B)(2) direct the decedent's personal representative to file any personal action which the decedent may have been entitled to bring and to defend any personal action which could be brought against the decedent. This limitation is further highlighted by the language of the statute which allows <u>claims</u> to be filed against the property of the estate, but provides that <u>actions</u> may only be filed against

the decedent's personal representative.  Code §§ 8.01-229(B)(2) and (B)(4).  This statutory scheme is consistent with the principle that "suits and actions must be prosecuted by and against living parties."  Rennolds v. Williams, 147 Va. 196, 198, 136 S.E. 597, 597 (1927).[2]  A motion for judgment against an "estate" is a nullity and cannot toll the statute of limitations.

Furthermore, the substitution of a personal representative for the "estate" is not the correction of a misnomer.  Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named.  Rockwell v. Allman, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971).  The personal representative of a decedent and the decedent's "estate" are two separate entities; the personal representative is a living individual while the "estate" is a collection of property.  Thus, one cannot be substituted for another under the concept of correcting a misnomer.

Swann also contends that the trial court erred because the nonsuit order was a final order, and therefore the order allowing substitution was not subject to modification in the refiled action.  To challenge the substitution order, Swann contends that Marks was required to appeal the nonsuit order.  A nonsuit order, however, is ordinarily not considered a final judgment for purposes of appeal.  McManama v. Plunk, 250 Va. 27, 32, 458

---

[2] Swann erroneously cites McManama v. Plunk, 250 Va. 27, 458 S.E.2d 759 (1995), for the proposition that a suit against a dead person is not a nullity.  In that case, the plaintiff's suit was filed against a living person within the statute of limitations period.  Id. at 29, 458 S.E.2d at 760.

S.E.2d 759, 761 (1995).  A nonsuit order is a final, appealable order only when a dispute exists regarding the propriety of granting the nonsuit.  Id.  Here, there is no dispute as to the entry of the nonsuit order.  The nonsuit order is not a final judgment as to the substitution order and did not clothe the substitution order with the force of res judicata.  Thus, the trial court's consideration of Marks' special plea of the statute of limitations, including consideration of the substitution order, was proper.

For the reasons expressed, we will affirm the judgment of the trial court.

Affirmed.