# CIRCUIT COURT OF FAIRFAX COUNTY

Judy Norris

v.

Giant of Maryland

April 1, 1999

Case No. (Law) 173247

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on Defendant's Plea in Bar. For the reasons set forth in this opinion letter, Defendant's Plea in Bar is granted.

### Facts and Procedural Background

On July 18, 1996, Judy Norris slipped and fell while grocery shopping at Super G Markets in Fairfax, Virginia. Super G Markets is owned by Giant of Maryland, Inc. (Giant). On July 16, 1998, Plaintiff filed a Motion for Judgment seeking $50,000.00 for injuries and damages against Giant Food Stores, Inc. ("GFS"). Service was perfected on Joseph G. Procopio, the registered agent for GFS, on July 22, 1998. In response, GFS filed a letter on August 6, 1998, in which it explained that it was not the owner or operator of the store in question and that it was unrelated to Giant. Giant is a wholly-owned subsidiary of Giant Food, Inc. ("GFI"), and at the time of the filing of this lawsuit, was entirely unrelated to GFS. While it is true that Giant, GFS, and GFI all became part of the Dutch grocery retailer "Royal Ahold" on October 28, 1998, Giant and GFI were unrelated to GFS at the time of Plaintiff's July 16, 1998, Motion for Judgment.

Giant and its insurer, Kemper Insurance Companies, had notice of Plaintiff's slip and fall shortly after it occurred on July 18, 1996, and investigated the claim until June 25, 1998, when a settlement demand was made. Neither Giant, GFI, nor Kemper responded to the settlement demand, and they did not learn that a Motion for Judgment had been filed by the Plaintiff until receipt of a copy of the August 4, 1998, letter from GFS.

On October 14, 1998, Plaintiff filed a "Motion to Amend Motion for Judgment to Correct Name of Defendant" for the purpose of substituting Giant as the named defendant in lieu of GFS. This Court later granted Plaintiff's motion on October 28, 1998. On October 16, 1998, Plaintiff filed an Amended Motion for Judgment in which it named Giant as defendant in place of GFS. On November 24, 1998, the new defendant, Giant, filed its Plea in Bar.

### Analysis

The statute of limitations is tolled only as to parties named in the lawsuit. *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996). The burden of ascertaining the proper defendant is on the plaintiff. *Phillips v. Sam Finley, Inc.*, 270 F. Supp. 292, 294 (W.D. Va. 1967). In this case, Giant was not a defendant in the original Motion for Judgment filed on July 16, 1998, therefore, the statute of limitations was not tolled by the filing. The Amended Motion for Judgment, which was filed on October 28, 1998, and which substituted Giant as a defendant, was filed more than three months beyond the two-year statute of limitations. As such, the claim against Giant is time-barred unless it "relates back."

Virginia Code § 8.01-6 permits relation back of an amendment changing the party defendant if three conditions are met: (i) the claim arose out of the occurrence set forth in the original pleading; (ii) the party brought into the action had notice of the institution of the action within the limitations period; and (iii) the new party knew or should have known that but for the mistake in identity, the action would have been brought against that party. The Plaintiff's Amended Motion for Judgment does not relate back because it fails to meet the second condition. Virginia Code § 8.01-6 requires that the new defendant have notice of the "institution of the action." Virginia Code § 8.01-2 defines "action" as synonymous with "suit." Mere notice of the claim is insufficient to permit the amendment to relate back under the language of Va. Code § 8.01-6. See, *Appodaca v. Giant of Maryland, Inc.*, Virginia Supreme Court,

Record No. 940417 (January 25, 1995)[1]; *Mokhiber v. Giant Foods, Inc.*, 24 Va..Cir. 61 (1991). Giant did not have notice of the institution of Plaintiff's lawsuit until receipt of the August 4, 1998, letter from GFS more than two weeks after the two-year statute of limitations had run. Therefore, the Amended Motion for Judgment does not relate back to the filing of the original Motion for Judgment.

For these reasons, Defendant's Plea in Bar is granted.

---

[1] The Virginia Supreme Court also held in this case that when "the wrong party defendant is named and served with process, the mistake cannot be corrected by labeling it a misnomer." (A misnomer is a mistake in name, not in person. See *Swann v. Marks*, 252 Va. at 184.)