# CIRCUIT COURT OF THE CITY OF NORFOLK

Alice G. Hanson

v.

Walter Brooks,
Administrator

July 31, 2001

Case No. (Law) L01-480

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on defendant's Special Plea of the Statute of Limitations. The issue is whether the plaintiff made a proper filing in the original action against the decedent, Basil Brooks, and the "Estate of Basil Brooks," so as to toll the applicable limitations period. If the first action was not proper, and the tolling provision does not apply, then the re-filed action against the personal representative is time-barred. The plaintiff filed suit claiming both personal injury and property damage as a result of the auto accident. The Court will first address the personal injury claim.

The statute of limitations for a personal injury is two years from the date that the injury is sustained. Va. Code §§ 8.01-243; 8.01-230. Code § 8.01-229(B)(2) provides that when a party against whom a personal action may be brought dies before the suit is commenced, a person/plaintiff may file a *claim* against the decedent's estate or an *action* against the personal representative before the expiration of the applicable limitations period. Va. Code § 8.01-229(B)(2). The suit will also be considered timely if it is filed within one year after the qualification of the decedent's personal representative or

administrator, so in some instances a plaintiff will have more than the two years to file. In the case at bar, the accident giving rise to this suit occurred on June 9, 1998. The decedent died on March 30, 1999. The personal representative qualified on May 18, 1999. Suit was filed against the decedent, Basil Brooks, and also the "Estate" on June 6, 2000. Therefore, the original suit was timely filed, namely prior to June 9, 2000, two years from the injury. The plaintiff then took a nonsuit and re-filed on February 23, 2001, against the personal representative alone. In order for the later action to be considered "timely," the plaintiff had to re-file within six months of the date of the order of nonsuit. This provides plaintiff with a tolling period. The question in this case, however, is whether the plaintiff may take advantage of the tolling provision at all. That question can only be resolved by determining whether the filing of the original action, against the decedent and the estate, was a proper filing. If it was not a proper filing, then the plaintiff's action is barred by the statute of limitations which ran June 9, 2000, the latest applicable period. As previously stated, the second action against the personal representative was not filed until February of 2001.

There is another provision that allows a plaintiff more time when there is a *delay* in the qualification of the personal representative. Va. Code § 8.01-229(B)(6). That section provides that *if* there is an interval of more than two years between the death of any person in whose favor or against whom a cause of action has accrued and the qualification of such person's personal representative, such personal representative shall be deemed to have qualified on the last day of such two-year period. *Id.* The plaintiff would then have one year from the last day of that two-year period to file an action, namely three years from the date the cause of action accrued. In the present case, the personal representative was qualified only a few months after the decedent's death so there was no interval of "more than two years;" therefore, subsection (B)(6) does not apply. The personal representative was actually qualified prior to the plaintiff's filing of the original action in June of 2000 but the plaintiff did not file against the representative at that time.

The second principle of law that is implicated in this case is the concept of "misnomer." Virginia Code § 8.01-6 provides the following:

A misnomer in any pleading may, on the motion of any party, on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth

in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits. . . .

Va. Code § 8.01-6 (Michie's Repl. Vol. 2000). A misnomer is a mistake in name but not person. *Rockwell v. Allman*, 211 Va. 560, 179 S.E.2d 471 (1971). Where the wrong *person* is named, it cannot be corrected by labeling it a misnomer. *Id.*

In *Swann v. Marks*, the plaintiff filed suit against the "Estate of William L. Wild" within the applicable statute of limitations. 252 Va. 181, 183, 476 S.E.2d 170 (1996). The plaintiff later amended his pleading to read "Steven L. Marks, personal representative of the estate of William L. Wild," which the trial court held related back to the original filing date. On February 3, 1995, following the entry of the relation back order, the plaintiff was granted a nonsuit. One hour later the plaintiff re-filed his motion for judgment against "Steven L. Marks, Personal Representative of the Estate of William L. Wild and as Administrator C.T.A. of This Estate." Marks, the personal representative, filed a special plea asserting that the re-filed suit was barred by the statute of limitations. The question was whether the first filing was proper and if not, then the later filing would be void as untimely. The personal representative in the case did not "qualify" as such until more than one year after the death of the person in that case. The applicable section provided that if the personal representative qualified more than one year after the death, the personal representative was deemed to have qualified on the last day of the one year period extending the limitations period (now it provides for two years but it is not relevant in the case at bar for the reasons stated above). *Id.* at 183-84. Marks, the personal representative, argued that a suit against an "estate" is a nullity and cannot toll the statute of limitations. *Id.* at 184. The Supreme Court of Virginia agreed and ultimately dismissed the action. *Id.* at 184-85.

The Court reasoned that in order to toll the statute of limitations, a suit must be filed against a "proper party." *Id.* at 184. In Virginia, an action against an estate is not recognized. *Id.*, citing Va. Code §§ 8.01-229(B)(1) and (2). The Court further stated that:

This limitation is further highlighted by the language of the statute which allows *claims* to be filed against the property of the estate, but provides that *actions* may only be filed against the decedent's personal representative. . . . This statutory scheme is consistent with

the principle that "suits and actions must be prosecuted by and against living parties." *Rennolds v. Williams*, 147 Va. 196, 198, 136 S.E. 597 (1927).

*Swann*, 252 Va. at 184. Therefore, the Court held that a motion for judgment against an estate is a nullity and cannot toll the statute of limitations. The Court also addressed the proposition that the "estate" could be a misnomer and amendable. This argument was also dismissed as incorrect. The Court held that the substitution of a personal representative for the "estate" is not the correction of a misnomer. *Id.* "Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named." *Id.*, citing *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471 (1971). Further, the personal representative of a decedent and the decedent's estate are two separate entities. The personal representative is a living being while the estate is a "collection of property." *Id.* Thus, one cannot be substituted for the other. *Id.* at 184.

The Virginia Supreme Court has also interpreted a similar issue involving wards and guardians. In *Cook v. Radford Community Hosp., Inc.*, a ward filed a medical malpractice action against a hospital and certain physicians. 260 Va. 443, 536 S.E.2d 906 (2000). The statute at issue directed that actions or suits to which a ward is a party "shall" be prosecuted or defended by the *fiduciary once one has qualified. Id.* at 908. The Court held that the appointed guardian was the proper party and the pleadings in which the ward was named could not be amended to add or substitute the guardian as plaintiff. *Id.* at 909-10. Further, the Court held that Code § 8.01-6 was not applicable to permit amendment and relation back on the basis of a "misnomer." *Id.* at 910. A misnomer applies only when the right person is incorrectly named and here, the Court held, the right person was plaintiff's guardian who was not named, the wrong person was the plaintiff who was named. Therefore, the plaintiff had to nonsuit and bring a new action in the name of a proper party plaintiff. *Id.*

In the case at bar, according to the Virginia Supreme Court's ruling in *Swann*, the plaintiff's original action against the "Estate" is not a proper filing albeit a timely filing. The second question is whether the decedent's name is a misnomer and can be substituted with the personal representative. This question must also be answered in the negative. As stated above, Virginia only allows an action to be brought against living parties, in either an individual or representative capacity. *Rennolds*, 147 Va. at 198. The decedent is obviously not a living party and was not the proper person. Therefore, the plaintiff's action for personal injury is barred by the statute of limitations because the

second action was filed outside of the two-year period and the tolling provision does not apply to an action that was a nullity to begin with. However, with respect to the claim for property damage, that is not barred as the statute of limitations for damage to property is five years. Va. Code § 8.01-243.