## CIRCUIT COURT OF FAIRFAX COUNTY

Lan Nguyen

v.

Jason Long

September 23, 2002

Case No. (Law) 206808

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on September 20, 2002, and was taken under advisement to rule on Defendant Long's Plea in Bar. For the reasons set forth in this opinion letter, Defendant Long's Plea in Bar is sustained.

On August 31, 1999, Lan Nguyen was involved in a traffic accident with Jason Long, a Fairfax County police officer. On May 22, 2001, Plaintiff filed a Warrant in Debt against Fairfax County only. On July 18, 2001, Plaintiff voluntary nonsuited the action. On September 6, 2001, Nguyen filed a Warrant in Debt against Jason Long. A Motion to Quash for failure to comply with § 8.01-300(4) was granted, and Plaintiff was allowed leave to file an Alias Warrant in Debt. On March 14, 2002, Plaintiff filed the Alias Warrant in Debt naming Jason Long, David Bobzien, and each member of the Fairfax County Board of Supervisors as Defendants. Following a hearing on May 15, 2002, the General District Court dismissed all Defendants except Jason Long. In addition, the Court dismissed Plaintiff Nguyen's personal injury claim, leaving the property damages claim only. Plaintiff perfected his appeal regarding the personal injury claim to this Court on August 7, 2002.

Plaintiff claims that the September 6, 2001, Warrant in Debt adding Officer Long as Defendant relates back to the time of the original May 22, 2001, Warrant in Debt against Fairfax County and his action is not barred by the applicable statute of limitations. This Court finds that Va. Code § 8.01-6

does not apply to the Plaintiff's personal injury claim against Defendant Long. This case does not constitute a misnomer nor does·the September 6, 2001, pleading relate back to the original Warrant in Debt. Consequently, the Warrant in Debt against Defendant Long is barred by the applicable statute of limitations under in § 8.01-243(A).

## Analysis

The statute of limitations is tolled as to the parties named in the lawsuit. *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996). Va. Code Ann. § 8.01-6 allows a misnomer in the pleadings to be corrected by amendment when the right person is incorrectly named, not where the wrong person is named. *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 172 (1996). In this case, a misnomer did not occur. Officer Long was not a defendant in the original Warrant in Debt filed on May 22, 2001. Therefore, that filing did not toll the statute of limitations and Plaintiff's reliance on the time allowed for re-filing under the voluntary nonsuit of the original Warrant is moot. The September 6, 2001, Warrant in Debt naming Officer Long as Defendant was instituted six days beyond the two-year statute of limitations provided for in § 8.01-243(A). Consequently, the claim against Officer Long is time-barred unless it "relates back."

Va. Code Ann. § 8.01-6 allows a plaintiff to change the party defendant if three requirements are met: (1) the claim arose out of the conduct, transaction, or occurrence set forth in the original pleading; and (2) the new party received sufficient notice of the institution of the action within the limitations period; and (3) the new party knew or should have known that but for the mistake in identity, the suit would have been brought against him or her. The Plaintiff's Warrant in Debt naming Officer Long as Defendant does not relate back to the original Warrant in Debt because it fails to satisfy the second requirement. Under the second condition, the party must receive notice of the institution of the action within the limitations period. Va. Code § 8.01-2(1) states that "action" means "suit." It therefore follows that the party to be added must have sufficient notice of the filing of a suit naming that party as defendant within the limitations period. Mere notice of the claim is insufficient to permit the amendment to relate back under the language of § 8.01-6. *See Apodaca v. Giant of Md., Inc.*, Virginia Supreme Court, Record No. 940417 (January 25, 1995); *Mokhiber v. Giant Food, Inc.*, 24 Va. Cir. 61 (1991). The suit against Officer Long was not filed until September 6, 2001, six days beyond the statute of limitations for personal injury actions. Plaintiff's counsel failed to mention this date in his Memorandum in Opposition. Long did not have notice

of the action against him until then. Consequently, the amended Warrant in Debt does not relate back to the filing of the original suit.