## CIRCUIT COURT OF FAIRFAX COUNTY

Ahmad Shadid

v.

Joseph O. Estabrooks

December 12, 2002

Case No. (Law) 197965

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on Defendant Paul M. Estabrooks' Motion to Set Aside this Court's June 21, 2002, Order and Plea of the Statute of Limitations. I heard oral argument from both parties on November 22, 2002, at which time, I took the matter under advisement.

On August 30, 2001, Plaintiff Ahmad Shadid filed this action at law, naming Joseph O. Estabrooks as the Defendant and listing an address for him for service of process. The Motion for Judgment referenced a September 1, 1999, automobile accident and referred throughout the body of the pleading to the offending party as "Defendant Paul M. Estabrooks." On June 13, 2002, Plaintiff filed a Motion to Correct Clerical Error, seeking to change the name in the caption of the case from Joseph Estabrooks to Paul Estabrooks. No service of process of the Motion for Judgment had been made by that date, and no notice of the Motion to Correct Clerical Error was apparently provided to any defendant. That Motion was granted by order entered on June 21, 2002. On July 20, 2002, Paul Estabrooks was served with the Motion for Judgment (with the amended caption) at the same address listed for Joseph Estabrooks on the original pleading in this case.

On August 2, 2002, an Answer and Grounds of Defense and Demurrer were filed on behalf of Joseph Estabrooks. On August 6, 2002, an Answer and Grounds of Defense, Plea of the Statute of Limitations, and Motion to Set Aside Order (the order correcting the clerical error) were filed on behalf of Paul Estabrooks. At the November 22, 2002, hearing, the parties came before me on Joseph Estabrooks' Demurrer and Paul Estabrooks Plea and Motion to Set Aside Order. Plaintiff made no objection to Joseph Estabrooks' Demurrer, which was granted, and the cause of action against him is dismissed.

The parties agreed in court that Paul Estabrooks is the adult son of Joseph Estabrooks, and that both reside at the same address.

The issue presented by Paul Estabrooks' Plea and Motion to Set Aside Order is governed by § 8.01-6 of the Code of Virginia, which provides that:

> [an] amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The facts presented here do not constitute a clerical error correctable under § 8.01-677 of the Virginia Code. Nor do they constitute a misnomer, which is a mistake in name but not in person. *Rockwell v. Allman, Adm.*, 211 Va. 560, 179 S.E.2d 471 (1971). Rather, Plaintiff here named the wrong defendant in the caption of the motion for judgment. Although the body of the motion for judgment correctly identifies Paul Estabrooks, the caption lists his father, Joseph Estabrooks, as the defendant. The amendment in the pleadings changing the party against whom this action is brought, from Joseph Estabrooks to Paul Estabrooks, relates back to the filing of the motion for judgment only if two conditions are satisfied. First, the claim asserted in the amended pleading must arise out of the same conduct set forth in the original pleading, which Paul Estabrooks concedes to be true here. Second, within the limitations period prescribed for this claim, Paul Estabrooks must have received notice of this action so as not to be prejudiced in maintaining a

defense and knew or should have known that but for the mistake the action would have been brought against him.

I received no evidence on this issue at the hearing. Therefore, I will allow Plaintiff to conduct discovery in the next thirty days on this limited issue. If the parties stipulate that there is no evidence sufficient for the plaintiff to meet the requirements of § 8.01-6 of the Virginia Code, the Plea and the Motion to Set Aside will be granted.