## CIRCUIT COURT OF THE CITY OF NORFOLK

Annie Antoine

v.

Katie Reeves

February 4, 2004

Case No. (Law) CL03-2146

BY JUDGE MARC JACOBSON

This matter comes before the Court on the Motion to Dismiss for Lack of Jurisdiction (Motion) filed by counsel for Defendant Katie Reeves, in essence alleging that the subject action is barred by the statute of limitations pursuant to Virginia Code § 8.01-229(B)(2)(a).

The Motion for Judgment filed by Annie Antoine on September 25, 2003, alleges that on or about April 26, 2000, Plaintiff was driving her vehicle on East Little Creek Road in the City of Norfolk, Virginia, and that Defendant collided with Plaintiff's vehicle while Defendant was exiting the parking lot of a Hardee's Restaurant and proceeding into the intersection of East Little Creek Road. (*Id.* ¶¶ 3–4.) On December 3, 2001, Defendant died testate and F. Duane Jerrell was qualified and named executor of Defendant's estate. (*See* Clerk's Order, Qualification of F. Duane Jarrell as Executor, Prob. No. 010001783 (Dec. 14, 2001).)

On April 5, 2002, Plaintiff filed a Motion for Judgment against "Katie Reeves"; Plaintiff suffered a nonsuit of the action on April 4, 2003. On September 25, 2003, Plaintiff refiled her action, also against "Katie Reeves." As stated previously, "Katie Reeves" died on December 3, 2001, more than four months before the original lawsuit was filed. Counsel for Defendant has filed, via special appearance, a Motion arguing that "[t]his matter has been filed against Katie Reeves, deceased, and is, therefore, a legal nullity and should be dismissed."

Virginia Code § 8.01-229(B)(2)(a) provides:

If a person against whom a personal action may be brought dies before the commencement of such action and before the expiration of the limitation period for commencement thereof then a *claim* may be filed against the decedent's estate or an *action* may be commenced against the decedent's personal representative before the expiration of the applicable limitation period or within one year after the qualification of such personal representative.

(Emphasis added.) The statute "allows *claims* to be filed against the property of [an] estate, but provides that *actions* may only be filed against the decedent's personal representative." *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 171 (1996) (emphasis added). In both actions, Plaintiff has named "Katie Reeves," deceased, as Defendant; however, "suits and actions must be prosecuted by and against living parties." *Id.*, 476 S.E.2d at 171 (quoting *Rennolds v. Williams*, 147 Va. 196, 198, 136 S.E. 597, 597 (1927)). In *Swann*, the Supreme Court of Virginia recognized that a suit against a dead person is a legal nullity. *See Swann*, 252 Va. at 184, n. 2, 476 S.E.2d at 172, n. 2.

"The Plaintiff has a duty to name the proper parties as defendants in the Motion for Judgment." *Gearing v. Every Citizen Has Opportunities*, 59 Va. Cir. 41, 46 (Loudoun County 2002) (citing *Baldwin v. Norton Hotel, Inc.*, 163 Va. 76, 175 S.E. 751 (1934)). In order to toll the statute of limitations, a suit must be filed against a proper party. *Swann*, 252 Va. at 184, 476 S.E.2d at 171; *see Hanson v. Brooks*, 56 Va. Cir. 290 (Norfolk 2001). As stated above, "Katie Reeves" was not the proper party to sue; the proper party was F. Duane Jerrell, the administrator of Reeves's estate. Therefore, the original Motion for Judgment, filed April 5, 2002, is a legal nullity and cannot toll the statute of limitations. *Swann*, 252 Va. at 184, 476 S.E.2d at 171–72; *see Hanson*, 56 Va. Cir. at 290.

The substitution of a personal representative for a deceased defendant cannot be construed to fall within the correction of a misnomer under Virginia Code § 8.01-6; therefore, the "relation back" provision of that section does not apply. "Misnomer arises when the right person is incorrectly named, not where the wrong defendant is named." *Id.* at 174, 476 S.E.2d at 184 (citing *Rockwell v. Allman*, 211 Va. 560, 561, 179 S.E.2d 471, 472 (1971)); *see Hanson*, 56 Va. Cir. at 290; *cf. Cook v. Radford Cmty. Hosp., Inc.*, 260 Va. 443, 451, 536 S.E.2d 906, 910 (2000) (holding that an action brought in the name of a person adjudicated as incapacitated, instead of in the name of her guardian, cannot be corrected as a misnomer).

Virginia Code § 8.01-6 and its "relation back" provisions are in derogation of the common law; therefore, its application must be limited to its express provisions. *Gearing*, 59 Va. Cir. at 44 (citing *Vaughn, Inc. v. Beck*, 262 Va. 673, 677, 554 S.E.2d 88 (2001)). "The statute clearly states that only an 'amendment … relates back to the date of the original pleading.' It is silent as to the recommencement of an action after a nonsuit. … If the legislature had intended for the relation-back rules to apply in a nonsuit followed by a refiling, then it would have so provided in the statutes." *Id.* at 44, 47. Thus, the refiling of an action after a nonsuit cannot relate back to the original filing date.

Virginia Code § 8.01-229(B)(2)(b) is inapplicable in the instant case; that section may have applied had Plaintiff not suffered a voluntary nonsuit. However, the Supreme Court of Virginia has recognized that a nonsuit order puts an end to an action. *See Clark v. Butler Aviation*, 238 Va. 506, 385 S.E.2d 847 (1989); *Gemmell v. Svea Fire, etc. Ins. Co.*, 166 Va. 95, 97, 184 S.E. 457 (1936). "Because the first action has ended there is no pleading to be amended changing a party against whom a claim is asserted." *Gearing*, 59 Va. Cir. at 45. Further, because the original action was a legal nullity, it cannot be used to toll the statute of limitations. Therefore, the applicable statute of limitation is found at Virginia Code § 8.01-229(B)(2)(a) and, pursuant to that section, the statute of limitations applied approximately 3½ months before Plaintiff refiled the action. *See also* Virginia Code § 8.01-243.

The Motion is granted, and the instant action is dismissed with prejudice.