## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Bland M. Martin, Jr.

v.

Elliot H. DeJarnette,
Administrator
of the Estate of
Evelyn Spinner Howard,
deceased

March 22, 2005

Case No. (Law) CL02-246

BY JUDGE EDWARD L. HOGSHIRE

This matter comes before the Court on Defendant's Motion on Special Plea of Statute of Limitations and Motion to Dismiss. The issue is whether the plaintiff made a proper filing in the original action so as to toll the limitations period. If the first action was not proper, the tolling provision does not apply, and thus the re-filed suit is time-barred. Based on the foregoing reasons, Defendant's motion is granted.

Defendant also argues that because he was not given notice of the reinstatement of Law No. 98-62 pursuant to Va. Code § 8.01-335, his due process rights were violated. However, as the Court's resolution of the statute of limitations plea is dispositive, the Court need not address this issue.

*Statement of Facts*

On or about April 1, 1996, Bland M. Martin, Jr., and Evelyn Spinner Howard ("Decedent") were involved in an automobile accident on Barracks Road near Emmet Street in the City of Charlottesville. Plaintiff sustained injuries as a result of this accident and filed a Motion for Judgment in the Circuit Court for the City of Charlottesville on March 20, 1998, Law No.

98-62. However, unbeknownst to Plaintiff, the Decedent had died May 18, 1996. Sharon Barbour qualified and was appointed administrator of the Estate, which was closed on September 22, 1997.

Counsel for the Decedent notified Plaintiff's counsel of Decedent's death via a letter dated June 8, 1999. He sent the estate closing papers on August 30, 1999. On July 17, 2001, upon Plaintiff's motion, Elliot H. DeJarnette ("Defendant") qualified as administrator of Decedent's estate for the purpose of litigation. On December 21, 2001, the original case, Law No. 98-62, was discontinued pursuant to Va. Code § 8.01-335(B) for failure to prosecute. Law No. 98-62 was reinstated on motion of Plaintiff on May 29, 2002. No notice was given to the original administrator or to anyone acting on behalf of the Decedent or her estate. Furthermore, no notice was given to Defendant, who was not yet a party to the case.

On September 16, 2002, the Court entered an order of nonsuit in Law No. 98-62 upon Plaintiff's motion and pursuant to Va. Code § 8.01-380. On November 25, 2002, Plaintiff refiled its action against Decedent in the instant suit pursuant to Va. Code § 8.01-229(E)(3). Defendant DeJarnette was substituted for Decedent upon Plaintiff's motion on April 8, 2003. Plaintiff filed an Amended Motion for Judgment on August 26, 2003, to reflect the substitution. On August 30, 2004, Defendant filed this Special Plea of Statute of Limitations. An *ore tenus* hearing was held on January 26, 2005, to address the issues presented in Defendant's motion, with briefs submitted thereafter.

## Question Presented

Was proper filing made in the original action so as to toll the statute of limitations?

## Analysis

The statute of limitations for filing personal injury claims is two years from the date that the injury was sustained. Va. Code § 8.01-243. A properly filed suit tolls the statute of limitations, but a deceased person is not a proper party to a lawsuit. *See Antoine v. Reeves*, 63 Va. Cir. 585, 586 (2004) (citations omitted). However, if a person against whom a personal action may be brought dies before suit papers naming that person as a defendant are filed, such suit papers may be amended to name the decedent's personal representative as a defendant. Va. Code § 8.01-229(B)(2)(b). This must be done before the applicable statute of limitations expires or within two years after the suit was filed, whichever occurs later, to be considered properly filed.

§ 8.01-229(B)(2)(b). A suit that has not been properly filed is a legal nullity and does not toll the statute of limitations. *See, Swann v. Marks*, 252 Va. 181, 184 (1996) ("To toll a statute of limitations, a suit must be filed against a proper party."). Statutes of limitations are strictly enforced in Virginia, and thus these statutes should be narrowly construed, with any doubt being resolved in favor of enforcement of the statute. *Arrington v. Peoples Sec. Life Ins. Co.*, 250 Va. 52, 55 (1995).

In the present case, the original suit was timely filed. The accident occurred on April 1, 1996, and Plaintiff filed his motion for judgment on March 20, 1998, less than two years later. Plaintiff received notice of Decedent's death in June 1999 and, shortly thereafter, received notice that the estate had been closed two years earlier. A motion to have an administrator appointed was not filed by Plaintiff's counsel until July 2001. Defendant was finally appointed as Decedent's personal representative on July 17, 2001, more than three and a half years after the motion for judgment was filed. Thus, Plaintiff failed to meet the requirements of Va. Code § 8.01-229, which required that the personal representative be substituted for the decedent by March 20, 2002. Therefore, the original suit is a legal nullity.

Because the original suit is a legal nullity, the statute of limitations was not tolled and has expired. Plaintiff's present case, Case No. CL02-246, is thus time-barred. Plaintiff argues that this interpretation of Va. Code § 8.01-229(B)(2)(b) denies him his right to one nonsuit. *See* Va. Code § 8.01-229(E)(3). However, an expired statute of limitations is an absolute bar to recovery, and Plaintiff cannot save an improperly filed suit by exercising his right to nonsuit years after the limitations period has expired.

Defendant's Motion on Special Plea of Statute of Limitations is hereby granted.