# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Babbington

v.

Adolf Neuman

April 18, 2005

Case No. (Law) CL05001101

BY JUDGE LISA B. KEMLER

 This matter came to be heard on the Plaintiff's Motion to Amend the Motion for Judgment to change the party defendant from Adolf Neuman to Nellie Neuman on the grounds of misnomer and to correct the date of the accident alleged in the Motion for Judgment and on the Defendant's Plea in Bar based on the statute of limitations. After hearing arguments of counsel, the Court took the matter under advisement. Based on the Court's consideration of the relevant statutes, Rules of the Virginia Supreme Court, and pertinent case law, the Court has concluded that the Plaintiff's Motion to Amend should be denied and the Defendant's Plea in Bar should be sustained based on the following.

 On February 23, 2005, the Plaintiff filed a Motion for Judgment against Adolf Neuman for personal injuries arising out of an automobile accident which is alleged to have occurred on February 22, 2003. Service on Mr. Neuman was posted on March 1, 2005. The lawsuit names the wrong party defendant. The lawsuit should have been filed against Nellie Neuman, the wife of Adolf Neuman.

 A misnomer is a mistake in name, not the person. *Rockwell v. Allmann, Admr.*, 211 Va. 560, 561, 179 S.E.2d 471 (1971). See also *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170 (1996) ("Misnomer arises when the right person is incorrectly named, not where the wrong person is named."). Under the circumstances herein, there is no misnomer and Nellie Neuman cannot be substituted for Adolf Neuman. The Court finds that Va. Code Ann. § 8.01-6 is

controlling. Under this statute, an amendment to change a party defendant relates back to the date of the original pleading only if (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (2) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Here, there can be no relation back because no evidence was presented that the right party defendant, Nellie Neuman, received notice of the institution of the action within the limitations period prescribed for commencing the action against her. Pursuant to Va. Code Ann. § 8.01-243, the plaintiff had two years from the date of the accident to file her lawsuit. The file reflects that Adolf Neuman was served with the Motion for Judgment by posted service on March 1, 2005, more than two years after the expiration of the statute of limitations. Thus, to the extent that the Motion for Judgment was timely filed, the statute of limitations was only tolled as to Adolf Neuman, the wrong party defendant.