# CIRCUIT COURT OF ALBEMARLE COUNTY

Lorene S. Snow

v.

Maggie Walker

February 25, 2010

Case No. CL08002465-00

BY JUDGE CHERYL V. HIGGINS

This case came to be heard before the court on Plaintiff's Motion for Reconsideration. The first argument of the plaintiff was that Va. Code § 8.01-6 does not apply where the original pleadings identify the right party but incorrectly names the person by reversing the first and middle name.

In support of the argument that the right party was identified, the plaintiff pointed out that the vehicle and the driver were properly identified in the complaint. The complaint further made clear the date on which the accident occurred and that the driver was the defendant. A notice of the action was attempted to be served and was returned with the language "refused wrong name." It was the plaintiff's position where all of the information correctly identified the person in the pleading as the driver in the accident as well as the location of the accident and the make and model of the vehicle, the mistake of name was a "pure misnomer" because the switching of the first and middle names was more akin to a spelling error than a mistake in name.

The plaintiff listed on the original complaint was Maggie Walker. The correct name of the defendant is Ann Maggie Walker. In the case of *Rothwell v. Allman*, 211 Va. App. 650 (1971), the court stated "a misnomer is a mistake in name but not in person." This definition again

was cited in *Swann v. Marks*, 252 Va. 181 (1996), where the court states "misnomer arises when the right person is incorrectly named, not where the wrong defendant is named."

The court could not find any case that distinguished between a misnomer and a pure misnomer. The argument from plaintiff's counsel that this case was a pure misnomer seems to be based upon an argument that the error should be treated as more of a spelling error than a wrong name. The court disagrees and finds that the name Ann Margaret Walker from Margaret Walker is a different name, not a misspelling. Therefore, I find that the amendment from Margaret Walker to Ann Margaret Walker is a misnomer within the definition of the case law.

Further, the court finds that Virginia Code § 8.01-6 applies in this case. It states "An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise. . . ." By the clear wording of the statute, it applies to a wrong party and the correction of a misnomer. By definition, misnomer applies when there is a wrong name but the right party; so the General Assembly was obviously expanding the amendments included under this statute and specifically the change of name.

An amendment changing the party against whom the claim is asserted, whether to correct a misnomer or otherwise, will relate back to the date of the pleading if the claim asserted in the amended pleadings arose out of the same conduct and it is within the statute of limitations for commencing the action or the party or its agent received notice of the institution of the action and that the party will not be prejudiced in maintaining an action on the merits and that the party knew or should have known that, but for a mistake concerning the identify of the proper party, the action would have been brought against the party.

Having found § 8.01-6 applies in this case, the second issue for the court to decide is whether the party against whom the action is to be brought received notice of the institution of the action within the limitation period proscribed for commencing the action.

The court has reviewed the transcript of the hearing of November 20, 2009. Mr. Nanavati stated that both counsel were present for the hearing on the statute of limitations and a motion to dismiss for lack of timely service, but the statute of limitations was the primary argument to be addressed at that hearing. Further on page 5 of the transcript, Mr. Nanavati makes it clear that the focus of his argument will be whether Ms. Walker or her agent received notice of the action within the statute of limitations. He stated that he had brought Ms. Walker to court in case Mr.

Echterling had evidence to present to the contrary. Mr. Nanavati proffers that, when the suit came someone asked her if she was Margaret Walker and she said no.

In his rebuttal on the date of the prior hearing, Mr. Nanavati stated that there was no evidence proffered by the plaintiffs that they actually put Farmer's Insurance on notice of the institution of the suit within two years. He further argued that there was no evidence that either Ms. Walker, who was still present in the courtroom, or anyone else that may have been affiliated with her insurance got notice. The court would further note that in Mr. Nanavati's plea of the Statute of Limitations and Motion to Dismiss, it is specifically stated in paragraph 5 "the filing of the date of the amended complaint does not relate back to the original filing date in that Ann Margaret Walker or her agent did not receive notice of the institution of the original action within the Statute of Limitations; so the court finds that there was notice given to the plaintiff that this Statute of Limitations and Plea in Bar pursuant to Va. Code § 8.01-6 was clearing what is at issue.

While Ms. Walker was present in the courtroom, counsel for the Plaintiff decided not to call her or put on any evidence at that time. So there was no evidence to the contrary of what was represented by the defense and Plaintiff's counsel did not contest Mr. Nanavati's proffers. While counsel that filed the Motion for Reconsideration would have presented the matter differently, I cannot find that that is the proper basis for granting a motion to reconsider. To allow such evidence now would be in essence allowing the plaintiff to have two separate opportunities to have the court decide the motion for no compelling reason other than the plaintiff did not like the result from the first hearing. The court does not want to be hearing cases twice that were properly noticed on written motions and where both counsel were given an opportunity to be heard. Therefore the Court will deny the Motion to Reconsider.