# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Factory Cabinets Direct, Inc.

v.

Wellborn Cabinet, Inc.

July 28, 2010

Case No. CL07-7174

By Judge William R. O'Brien

The issue before the Court is relatively simple, but it is one of first impression for a Virginia court. The correct name of the Plaintiff in this action is Factory Cabinets Distributors, Inc. When Plaintiff filed suit in 2007, it incorrectly titled itself as Factory Cabinets Direct, Inc. Defendant Wellborn Cabinet, Inc., immediately moved to dismiss on the basis that no such corporation existed, but no further action was taken in the case until Plaintiff filed a Motion for Leave to Correct a Misnomer on May 7, 2010. Defendant opposed the motion but argued that if the Court permitted the correction of the misnomer, then the Amended Complaint should not relate back and the action should be barred based on the statute of limitations. At a hearing on June 11, 2010, the Court granted Plaintiff leave to amend to correct the misnomer but took the plea in bar under advisement. "A plea in bar presents a distinct issue of fact which, if proven, creates a bar to the plaintiff's right of recovery. The moving party has the burden of proof on that issue." *Hilton v. Martin*, 275 Va. 176, 179-80, 654 S.E.2d 572 (2008) (citing *Weichert Co. of Va. v. First Commercial Bank*, 246 Va. 108 (1993)).

Va. Code § 8.01-6 provides that "[a] misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name." The remainder of § 8.01-6 lays out a four-part test for relation back, but that test is only applicable when changing the party "against whom a claim is asserted." The cases in Virginia dealing with correction of misnomers involve changing the name of the party defendant. *See, e.g., Swann v. Marks*, 252 Va. 181, 476 S.E.2d 170 (1996) (no relation back where case wrongly filed against an "estate" and therefore was a nullity); *Rockwell v. Allman*, 211 Va. 560, 179 S.E.2d 471 (1971) (no relation back where case filed against administrator whose appointment was

later determined to be invalid); *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 97 S.E.2d 1 (1957) (relation back where right defendant was before the court under the wrong name). In *Jacobson*, the Court discussed the "substitution of a new plaintiff," but the issue presently before the Court does not involve the substitution of a new plaintiff. *Jacobson*, 198 Va. at 816-17. The correct Plaintiff has been before the Court during this entire action, although the case was styled incorrectly due to a scrivener's error.

Defendant also argues that no statute addresses amendments in the name of the plaintiff, and that, under the "[m]axim of *expressio unius est exclusio alterius*, there are no legal grounds for the Amended Complaint to relate back to the date of the first Complaint." As the Virginia Supreme Court has explained "[t]hat rule recognizes the competence of the legislature to choose its words with care." *Virginia Dep't of Health v. NRV Real Estate, L.L.C.*, 278 Va. 181, 187-88 (2009). Although that maxim is a propos, Va. Code § 8.01-6 does address the situation in this case. The first sentence of § 8.01-6 applies equally to plaintiffs and defendants. Although the remainder of this Code Section addresses relation back when changing the name of the defendant, the first sentence is written generically: "A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name." Va. Code § 8.01-6. Had the legislature intended for this Code Section to apply only to party defendants, it could have chosen more precise language, as it did in the following sentence, referring to parties "against whom a claim is asserted."

Accordingly, Defendant's Plea in Bar is denied.