## Robert H. Thompson

### v.

## Kevin Bacon, et al.

Record No. 920624

January 8, 1993

Present: All the Justices

*Robert L. Bixby (W. M. Scaife, Jr.; Scaife & Williams*, on brief), for appellant.
*Harvey J. Volzer (Kilcarr & Volzer*, on brief), for appellees.

JUSTICE KEENAN delivered the opinion of the Court.

The dispositive issue in this appeal is whether there is sufficient evidence of fraud to support the jury verdict.

Kevin Bacon and his wife, Marianne, filed a motion for judgment against Robert H. Thompson (Thompson) and Dorothy C. Thompson, his wife, alleging fraud in the sale of a house. The Bacons alleged that, prior to their purchase of the Thompson residence, Thompson knowingly concealed from them evidence of a water leakage problem in his basement. On May 29, 1990, approximately one month after the Bacons occupied the home, there was a flood in the basement that caused damage to their property.

Prior to the execution of the sales contract, Thompson, a licensed real estate agent, showed his house to the Bacons on two occasions.

On their return visit, Thompson and Kevin Bacon had a conversation regarding water damage in the basement. The evidence was in conflict concerning the substance of this conversation. Kevin Bacon testified that, when he asked Thompson about a discoloration on the panelling in the rear corner of the finished portion of the basement, Thompson replied that the mark was caused by water that had overflowed from a washtub.

Thompson testified that there was no mark on the wall and that, even if there had been one, it could not have been seen then because of the location of furniture in the room. Thompson also testified that he had shown the Bacons some peeling tiles on the floor of the half bath in the basement. According to Thompson, he explained to the Bacons that the peeling resulted from water, which overflowed from a washtub and seeped under the bathroom floor, but did not reach the carpeted area of the basement.

Pursuant to a provision in their contract of sale, the Bacons hired Friendly Home Inspection Services, Inc. (Friendly) to inspect the house and to report on its condition. William Friend, the owner of Friendly, made the inspection and reported to the Bacons that there were signs of past dampness in the basement, which were probably due to leaking gutters and to settlement of earth around the foundation of the house. Friend testified that, while he saw evidence of previous dampness, he did not observe any evidence of previous flooding.

The Bacons occupied the house approximately one week before settlement. Thompson testified that, when he moved out of the house, he left a bookcase and a table in the unfinished portion of the basement because he did not have space for these items in his new home. He further testified that when he offered to remove the items, Kevin Bacon told him that he could leave them there.

The trial court admitted into evidence photographs depicting water stains that were located on an area of the wall behind the bookcase and table. However, these photographs were taken after the May 29th flooding.

Both Mr. and Mrs. Thompson testified that the two items of furniture had been in the same position throughout the four years they had lived in the house. Vernice Queen, the Thompson's housekeeper, also testified that the basement furniture had always been in the same position during the time that the Thompsons lived there. Queen further testified that she had spent two hours each week

working in the basement and had never seen any signs of water there.

The Bacons testified that there was an unusually heavy rainfall prior to the flooding. They presented the testimony of three experts in the field of basement waterproofing. Each expert testified that he had viewed the basement shortly after the flooding and that it showed evidence of previous water damage. However, none of the experts was able to specify where in the basement such evidence was located.

The jury also heard testimony from John Farrington, who had owned and occupied the house from 1980 until 1986. Farrington testified that he had observed water in the basement after a heavy snow in 1980 and had corrected the problem by adding extra dirt around the foundation and by extending the downspouts to carry water away from the house. He testified that, since he had no further water leakage problems, he felt no obligation to mention this incident when he sold the house. Mr. and Mrs. Thompson also testified that neither Farrington nor their realtor had advised them of any water leakage problems at the time of the sale. The Thompsons further testified that they were not aware of any such water problems in the house during the period that they owned it.

Finally, the evidence showed that, prior to the flooding, the Bacons replaced the carpet in the basement with a style of carpet more suited to their taste. Elvin Dunavant and William Merryman, who installed the new carpet, testified that they reused the existing carpet pad. Dunavant and Merryman also testified that the existing pad was in good condition and showed no evidence of water damage. James Gardner, the owner of the company which replaced the carpet, testified that, had the pad become wet and been left in place over a long period of time, it would have had a strong odor and would have shown discoloration.

The jury returned a verdict of $8,000 in favor of the Bacons. The trial court denied Thompson's motion to set aside the verdict and entered judgment. This appeal followed.

Thompson argues that the Bacons failed to prove fraud because there was no evidence that he made a knowing misrepresentation regarding the source of water marks in the basement. Thompson also argues that the Bacons' evidence was insufficient because it did not establish a causal connection between the condition that he allegedly concealed and the subsequent water damage suffered by the Bacons.

■ In reviewing Thompson's arguments, we first observe that, where a litigant has obtained a jury verdict in his favor, approved by the judgment of the trial court, he occupies a highly favored position. *Whichard v. Nee*, 194 Va. 83, 89, 72 S.E.2d 365, 369 (1953). Nevertheless, when the judgment is plainly wrong or without evidence to support it, the reviewing court must set it aside. *Id.*; Code § 8.01-680.

Since the Bacons prevailed in the trial court, we review the evidence in the light most favorable to them. *Ravenwood Towers, Inc. v. Woodyard*, 244 Va. 51, 57, 419 S.E.2d 627, 630 (1992). However, even when we apply this standard, we agree with Thompson that, as a matter of law, the Bacons failed to establish sufficient evidence of fraud.

■ A party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him. *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308, 315 S.E.2d 193, 195 (1984). Clear and convincing evidence is such proof as will establish in the trier of fact a firm belief or conviction concerning the allegations that must be established. *Walker Agency, Inc. v. Lucas*, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975).

■ At trial, the Bacons alleged that Thompson knowingly misrepresented a material fact regarding the source of a water stain on his basement panelling. The Bacons' evidence, however, failed to establish that Thompson made such a knowing misrepresentation, or that the Bacons' reliance on the alleged misrepresentation resulted in damage to them.

■ The Bacons attempted to impeach Thompson's representation concerning the stained panelling by introducing the photographs described above. There was no evidence, however, that the water stains shown in the photographs were present when Thompson placed the furniture in those locations. The photographs were taken after the flooding, which occurred approximately one month after the Bacons occupied the home. Moreover, the record here contains no evidence that Thompson knew of any water leakage problem, either before or during the time that he owned the house, or that he ever had reason to suspect the existence of any such problem. Without evidence that a material misrepresentation of fact was knowingly made, a finding of fraud cannot be upheld. *Cheatle v. Rudd's*

*Swimming Pool Supply Co.*, 234 Va. 207, 214, 360 S.E.2d 828, 832 (1987).

The record before us also contains no evidence connecting Thompson's alleged misrepresentation to the damage suffered by the Bacons. None of the expert witnesses specified any location where previous water damage had occurred. Likewise, none of the other witnesses was able to establish the existence of previous water damage that was related to the subject of Thompson's alleged misrepresentation. Absent such evidence, the jury could only speculate that the Bacons' damages were related to any previous water problem about which Thompson purportedly had lied. A plaintiff may not recover when the jury must resort to speculation or conjecture to determine the cause of the damages. *Barnes v. Quarries, Inc.*, 204 Va. 414, 418, 132 S.E.2d 395, 397-98 (1963). We hold, therefore, that the evidence is insufficient, as a matter of law, to support a finding of fraud.

For that reason, we will reverse the judgment of the trial court and enter judgment for Thompson.

*Reversed and final judgment.*