# CIRCUIT COURT OF CHESTERFIELD COUNTY

Puffer

   v.

Mills et al.

June 2, 1994

Case No. CL92-1357

BY JUDGE WILLIAM R. SHELTON

Currently pending before the Court are the defendants' demurrers. After reviewing the argument and memoranda of counsel as well as the pleadings, the Court finds as follows.

With respect to defendant Mills' demurrer, the Court finds that the plaintiff's fraud claim has been pleaded with the requisite specificity. In light of *Nationwide Ins. Co. v. Patterson*, 229 Va. 627 (1985), the defendant's argument as to mere opinions and future representations is not well taken. See also *Thompson v. Bacon*, 245 Va. 107 (1993). Therefore, Mills' demurrer as to the fraud claim is overruled.

Mills also demurs to the plaintiff's claim for punitive damages. Mills cites *Jordan v. Sauve*, 219 Va. 448 (1978), for the proposition that a plaintiff's pleadings must set forth the actual malice for which a plaintiff is entitled to recover punitive damages. *Jordan*, which addresses the level of proof necessary for a punitive damages claim to withstand a motion to strike, does not address a demurrer's concern, that being the mere allegations contained in the pleadings. In *Harrell v. Woodson*, 233 Va. 117, 122 (1987), the Supreme Court of Virginia stated that:

> punitive damages may [] be recovered where the plaintiff has made an express claim for them in the prayer for relief or *ad damnum* clause, sufficient to put the defendant on notice that an award of punitive damages is sought apart from, and in addition to, [] compensatory damages . . . .

In the case at bar, the plaintiff has clearly noted his claim for punitive damages in his prayer for relief. For these reasons, Mills' demurrer as to the punitive damages claim is overruled.

With respect to defendant-USLIC's demurrer, the Court again finds that the plaintiff's fraud claim has been pleaded with the requisite specificity. *Patterson*, 229 Va. 627 (1985); see also *Thompson*, 245 Va. 107 (1993). However, since USLIC's potential liability is vicarious, the plaintiff must plead the necessary factual allegations supporting that Mills was acting within the scope of his employment or in furtherance of the object for which he was employed at the time of the alleged tortious conduct. *Spence v. Griffin*, 236 Va. 21 (1988). In this respect, the plaintiff has failed to plead sufficiently, and USLIC's demurrer must be sustained. In view of the simplicity of correcting the pleadings, five days' leave to amend will be granted. I do not expect any delay in the trial of this matter.

USLIC also demurs on the grounds that the merger clause (integration clause) contained in the policy expressly provides that the policy "make[s] up the entire contract" and that USLIC cannot be bound by the promises or representations of their agent. If this were a breach of contract case where parol evidence was at issue, USLIC's argument might have merit. However, the plaintiffs are suing in equity under the tort of fraud. Therefore, USLIC's demurrer as to their agent's authority to bind them is overruled. *Nationwide Ins. Co. v. Patterson*, 229 Va. 627 (1985).

Lastly, USLIC's motion to crave oyer is denied. As already stated, the plaintiff is suing in chancery for fraud and not at law for breach of contract.