## CIRCUIT COURT OF WISE COUNTY

Carolyn Ritchie

v.

Norton Community
Hospital, Inc.,
and Linwood Briggs

March 15, 2001

Case No. CL00-331

BY JUDGE FORD C. QUILLEN

This matter comes before the Court by reason of a nonsuit filed by the plaintiff on October 25, 2000. This is a malpractice case in which the plaintiff had named two party defendants, Norton Community Hospital, Inc., and Linwood Briggs, M.D. After taking the nonsuit, the plaintiff reinstituted the case within the six-month period; however, in the second suit filed by the plaintiff, the plaintiff changed the allegations in the suit in the following manner.

The original Count VI stated as follows:

Plaintiff alleges that Norton Community Hospital, Inc., is negligent for the acts or omissions of Dr. Linwood Briggs in respondeat superior, in that he is an employee of Norton Community Hospital, Inc. Further, plaintiff alleges the defendant, Dr. Linwood Briggs, and Norton Community, Inc., breached a standard of care in treatment and diagnosis of the plaintiff in the following particulars:

1. Failure to diagnose plaintiff's condition as being appendicitis.

2. Providing and injecting a narcotic while plaintiff was suffering from abdominal pains which had not yet been diagnosed, which injection masked the symptoms of the plaintiff's worsening condition.

3. Failure to adhere to basic medical knowledge of differentiating and diagnosing abdominal pain.

4. Failure to perform a proper physical examination.

5. Failure to perform a pelvic and rectal examination.

6. Misinterpreted tests performed.

7. Failure to order radiological investigations to confirm diagnosis.

8. Failure to obtain a consultation from another doctor.

9. Failure to admit plaintiff for observation.

10. Failure to provide follow-up instructions.

The new Count VI amended the first paragraph as follows (italics show the changes):

Plaintiff alleges that Norton Community Hospital, Inc., is negligent for the acts or omissions of *its employees, including its doctors and its nursing staff in respondeat superior, in that they are employees of* Norton Community Hospital, Inc. Further, plaintiff alleges the defendant, Dr. Linwood Briggs, and Norton Community, Inc., breached *standards* of care in *the diagnosis and treatment* of the plaintiff *by their negligent actions and omissions including, but not limited to the following.* . . .

Also, allegations 11 and 12 were added, which stated as follows:

11. Failure to provide the Plaintiff proper discharge instructions.

12. Failure to retake the Plaintiff's vital signs before releasing her.

Also Count V was amended to include *Norton Community Hospital, Inc.,* as a party to those allegations, and the addendum was changed from *$750,000.00* to *$1,000,000.00.*

The issue before the Court is, when the action is refiled, does the plaintiff have to file an identical action to the one nonsuited.

It is clear to the Court that when an action is dismissed pursuant to the nonsuit statute, the action which is revived must be comprised of the claims and parties remaining in the case and that any claims or parties dismissed with prejudice would be eliminated from the case. See *Dalloul v. Agbey,* 255 Va. 511 (1998). The issue then remains as to what amendments, if any, would be

allowed in a revived suit, or is the plaintiff limited to the identical suit at the time of nonsuit.

This Court believes that amendments to a revived action after nonsuit should be controlled by the requirements of Virginia Code § 8.01-6.1. This code section permits amendments to pleadings which would relate back to the original pleadings and would not be subject to a plea of the statute of limitations. The nonsuit statute of limitations allows an action to be revived within six months and tolls the statute of limitations for the six-month period.

It seems only logical that amendments allowed to an action after the statute of limitations has expired and amended pleadings in the revival of a nonsuited action should meet the same requirement. Section 8.01-6.1 allows amended pleadings to relate back to the original in spite of the statute of limitations if the amended pleadings arose out of the conduct, transaction, or occurrence set forth in the original pleading. See also *Carter v. Williams*, 246 Va. 53 (1993), a will case in which the court allowed the petitioner to amend an undue influence allegation to include a new allegation of fraud. The headnotes state:

> 2. When the plaintiff in an amended bill attempts to assert rights and to enforce claims arising out of the same transaction or act, the amendment does not constitute a new or different cause of action if it only varies the mode of demanding the same thing.
>
> 3. Here the subject matter of the controversy was the validity of the proposed will and it is immaterial whether the facts alleged amount to undue influence or fraud or both; the amendment varied only the mode of demanding the same relief.

The Court believes that the amended pleadings filed by the plaintiff in the above-styled action arose out of the conduct, transaction, or occurrence of the original action and the amendments varied only the mode of demanding the same relief.

The Court further finds that the original pleading alleged an independent action against Norton Community Hospital separate and apart from any action against Dr. Linwood Briggs. See Count VI stating that the defendants, "Dr. Linwood Briggs and Norton Community Hospital, breached a standard of care in treatment and diagnosis of the plaintiff in the following particulars. . . ."

In regard to § 8.01-6.1, the Court further finds that the amending party (represented by new attorneys) was diligent in asserting the amended claim and the amendment to the *ad damnum* at this stage of the trial would not substantially prejudice the litigants.

At this stage of the proceeding, it would duplicate, delay, and unduly burden the plaintiff to be required to file the identical nonsuited action and subsequently be required to file the amended pleadings which would then be allowed pursuant to § 8.01-6.1.

The Court holds that the amended pleadings meet the requirements of § 8.01-6.1, and the revived action is allowed to proceed as pleaded.