**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MARTIN GAVIN,

*Plaintiff-Appellant,*

v.

KOONS BUICK PONTIAC GMC,
INCORPORATED, t/a Koons of Fairfax,

*Defendant-Appellee.*

No. 01-1436

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-1241-A)

Argued: December 4, 2001

Decided: January 14, 2002

Before WILKINSON, Chief Judge, and WILLIAMS and
GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** A. Hugo Blankingship, III, BLANKINGSHIP & ASSO-
CIATES, Alexandria, Virginia, for Appellant. Arthur Mark
Schwartzstein, ARTHUR M. SCHWARTZSTEIN, P.C., McLean,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Appellant Martin Gavin asserts multiple claims against Koons Buick Pontiac GMC, Inc. ("Koons") arising out of the sale of a motor vehicle. Two claims were dismissed on summary judgment. The district court granted judgment as a matter of law on the remaining claims. We affirm.

### I

On January 29, 2000, Gavin signed a buyer's order to purchase a used 1995 Mazda B2300 truck. The contract provided for financing of the purchase price. The Koons finance manager had a copy of Gavin's credit history report, and told Gavin that a previous vehicle purchase did not appear on the report. In fact, the previous purchase did appear on the report. Multiple copies of the credit agreement, which included an Annual Percentage Rate ("APR") disclosure statement, were placed in front of Gavin. Gavin reviewed the credit agreement before signing. Before taking possession of the truck, Gavin noticed that the "check engine" light was illuminated and Koons agreed to make any necessary repairs. On February 2, 2000, before taking possession of the truck, Gavin noticed that the "check engine" light was still illuminated and complained that Koons had not repaired the problem as promised. A Koons employee drove the truck off the lot. Approximately one hour later, the employee returned to the lot with the truck. Gavin then took possession of the truck. While driving to work that same day, Gavin noticed that the truck's speedometer was not functioning. Later that day, he noticed that the odometer was not functioning, and was stopped at 70,596 miles. He subsequently learned that the windshield wipers did not function, and that the entire right side of the truck had been repainted. Gavin returned the truck to Koons and demanded recission and return of his down payment of $1,500. Koons refused. Gavin filed suit alleging violations of the Fed-

eral Odometer Act (Count I); Truth in Lending Act (TILA) (Count II); multiple violations of the Virginia Consumer Protection Act (Counts III-VI); breach of contract (Count VII); and fraud (Count VIII).

The defendant moved for summary judgment on all counts. The district court granted in part and denied in part the defendant's motion. Gavin appeals that portion of the district court's order granting summary judgment on portions of Count II (TILA) regarding the APR disclosure, and granting summary judgment on Count VII.

Counts I, II, III, IV, VI, and VIII remained after summary judgment, and the case proceeded to trial by jury. At the conclusion of Gavin's evidence, Koons made a motion pursuant to Rule 50 for judgment as a matter of law as to Counts III, IV, VI, and VIII. (JA 476.) Koons did not move for judgment as a matter of law on Counts I and II. The district court dismissed all counts, including Counts I and II *sua sponte*. Gavin's timely appeal followed.

II

The Court reviews a grant of summary judgment *de novo*, viewing all facts and inferences in the light most favorable to the nonmoving party. *See Providence Square Assoc., L.L.C. v. G.D.F., Inc.*, 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56.

After considering the parties' briefs and joint appendix, and having had the benefit of oral argument, we affirm substantially on the reasoning of the district court. We reject Gavin's assertion that the district court committed error by granting summary judgment to Koons on his claim that Koons misstated the APR. The district court held that Gavin received the required APR disclosure "before credit [was] extended." 15 U.S.C. § 1638(b)(1); *see also* 12 C.F.R. § 226.17(b) (requiring disclosure before consummation of the transaction); 12 C.F.R. § 226.2(a)(13) (stating that consummation occurs when the buyer becomes contractually obligated). That is all that is required by

the statutory and regulatory provisions cited by Gavin. Whether Gavin became obligated to purchase the truck on January 29 or February 2, he received the required disclosures before the credit was extended. We also reject Gavin's assertion that the district court erred in dismissing his breach of contract claim. This claim was based on alleged breaches of implied warranties. The contract disclaimed all implied warranties. For the first time on appeal, Gavin asserts that the Magnusson-Moss Warranty Act, 15 U.S.C. § 2308, prohibited Koons from disclaiming implied warranties. Having failed to raise this argument below, it is waived. *Skipper v. French*, 130 F.3d 603, 610 (4th Cir. 1997). Next, we turn to the district court's order granting Koons judgment as a matter of law.

## III

The Court reviews a grant of judgment as a matter of law *de novo*. "A district court may grant a motion for judgment as a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *GSM Dealer Services, Inc. v. Chrysler Corp.*, 32 F.3d 13, 142 (4th Cir. 1994) (internal quotations omitted).

Again, we affirm substantially on the reasoning of the district court. We reject Gavin's assertion that the district court erred in granting judgment as a matter of law on Gavin's Federal Odometer Act, 49 U.S.C. §§ 32701-32711, claim. Gavin's evidence, at most, showed that the odometer disclosure was misstated by only approximately three miles. This deviation lacked materiality and was consequently insufficient to show an "intent to defraud" as required by the statute. 49 U.S.C. § 32710(a).

Gavin also asserts that the district court erred granting judgment as a matter of law on his Virginia Consumer Protection Act, Va. Code §§ 59.1-196 - 59.1-207, claims. We agree with the district court that Gavin failed to adequately demonstrate a "loss" as required by the statute. Va. Code § 59.1-204. Next, we agree with the district court that Koons was entitled to judgment as a matter of law on Gavin's common law fraud claims. Like the Federal Odometer Act, fraud requires that a false statement be made with "intent to mislead." *Thompson v. Bacon*, 425 S.E.2d 512, 514 (Va. 1993). Gavin failed to

establish such intent. In addition, Gavin failed to produce any evidence of any competing or lower financing terms he could have obtained. Given Gavin's ability to seek out alternative financing, he was not damaged by Koons' statement that a previous purchase did not appear on his credit report.

Finally, Gavin argues that the district court erred in granting Koons judgment as a matter of law on Gavin's remaining TILA claims. As stated above, the disclosures were made before credit was extended, as required by the Act. 15 U.S.C. § 1638(b)(1). The regulation that interprets the statutory provision requires disclosures "before consummation of the transaction" and "in a form that the consumer may keep." 12 C.F.R. § 226.17(b). Multiple copies of the form contract, which contained the required disclosures, were placed in front of Gavin before the transaction was finalized, and Gavin reviewed the contract. The district court did not err in granting judgment as a matter of law on this claim.

IV

For the foregoing reasons, the judgment of the district court is

*AFFIRMED*.