## CIRCUIT COURT OF FAIRFAX COUNTY

Odeneal

v.

Thompson et al.

August 6, 2003

Case No. (Law) 213602

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on July 18, 2003, on Defendant's Demurrer and Plea in Bar. The case was taken under advisement to determine whether Defendants' motions should be granted. For the reason's set forth in this opinion letter, Defendants' Demurrer and Plea in Bar are overruled.

Plaintiff's first Motion for Judgment included a single count for professional negligence. Plaintiff alleged that Defendants committed legal malpractice while engaged as Plaintiff's attorney by advising her to enter into a Property Settlement Agreement allegedly without obtaining discovery of her husband's assets and ascertaining the value of all assets that arguably fell within the marital estate. Plaintiff asserted that Defendant's negligence caused Plaintiff to lose $10 million of marital property to which she was otherwise entitled. Plaintiff nonsuited the Motion for Judgment on October 17, 2003. The Motion for Judgment in this case, filed on April 18, 2003, includes allegations of legal malpractice in Count I and adds Count II, Breach of Contract, alleging that Defendants' failure to represent Plaintiff's interests in her existing divorce caused her to pay Defendants $30,000.00 and to pay a subsequent attorney $20,000.00. At the hearing on July 18, 2003, the

demurrer as to the $20,000.00 paid to a subsequent attorney was sustained with prejudice.

## Demurrer

A demurrer tests whether the plaintiff's pleading states a cause of action upon which relief can be granted. Va. Code Ann. § 8.01-273(A). All reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 375 (1988). In ruling on a demurrer, the court may not evaluate and decide the merits of a claim; it may only test the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Mil. Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993).

In order to state a cause of action against an attorney for legal malpractice in Virginia, a plaintiff must allege that a relationship existed between them that gave rise to a duty, that the attorney neglected or breached the duty, and that the neglect or breach was a proximate cause of loss to the plaintiff. *Hendrix v. Daugherty*, 249 Va. 540, 544, 457 S.E.2d 71, 74 (1995) (citing *Allied Productions v. Duesterdick*, 217 Va. 763, 764-65, 232 S.E.2d 774, 775 (1977)). In particular, plaintiffs must allege that they would have prevailed in the underlying action but for the negligence of the defendant attorneys. *Id.*

In the Motion for Judgment, Plaintiff sufficiently alleges that an attorney-client relationship existed between herself and Defendants; that, as a result of that relationship, Defendants owed her a duty to provide her with legal representation; that Defendants breached that duty in four ways; and, that Plaintiff suffered $10 million in damages. Specifically, Plaintiff alleges that, but for Defendants negligence, she would have received, either through settlement or litigation, a share of the marital estate of at least $10 million more than she received pursuant to the October 18, 1996, Property Settlement Agreement. Plaintiff has sufficiently pleaded a cause of action for legal negligence. The Demurrer is overruled.

## Plea in Bar

Under Virginia Code § 8.01-380, a plaintiff is allowed to nonsuit any "cause of action." A "cause of action" is defined as "a set of operative facts which, under the substantive law, may give rise to one or more rights of action." See *Roller v. Basic Const. Co.*, 238 Va. 321, 328, 384 S.E.2d 323, 326 (1989); Restatement of Judgments 2d, § 24.

When a plaintiff suffers a voluntary nonsuit, the statute of limitations is tolled when the nonsuited action is filed. Va. Code § 8.01-229(E)(3).

Thereafter, plaintiff may recommence the action within six months from the date of the nonsuit order or within the statute of limitations period set out for that action, whichever is longer. *Id*. Under § 8.01-2, "action" is defined as "all civil proceedings whether at law, in equity, or statutory in nature. . . ."

Defendants argue that the use of the word "action" in § 8.01-229(E)(3) means that a plaintiff must bring back the exact same Motion for Judgment that was previously nonsuited in order to fall under the statute of limitations tolling provision. Defendants assert that the term "action" is more narrowly construed than "cause of action." Because Plaintiff added the breach of contract count, Defendants claim that the Motion for Judgment is not the exact same action as the original Motion for Judgment. The end result is that the Motion for Judgment is time-barred. The Court disagrees.

A nonsuit does not operate as a bar to subsequent suits between the same parties on the same cause of action. *Payne v. Buena Vista Extract Co.*, 124 Va. 296, 98 S.E. 34 (1919). It simply puts an end to the present action without barring subsequent actions for the same cause. *Gemmell v. Svea Fire, etc., Ins. Co.*, 166 Va. 95, 184 S.E. 457 (1936).

If the claims in the renewed Motion for Judgment arise out of the same cause of action, then the tolling provisions, under § 8.01-229(E)(3), apply and the Motion for Judgment is timely. The test to determine whether claims are part of a single cause of action is whether the same evidence is necessary to prove each claim. *Davis v. Marshall Homes*, 265 Va. 159, 171, 576 S.E.2d 504, 510 (2003). In this case, Count I and Count II arise out of the same cause of action. Both counts are breach of contract claims. *Oleyar v. Kerr*, 217 Va. 88, 90, 225 S.E.2d 398, 400 (1976) (An action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract.). Both counts involve the same parties and the same subject matter. The Plaintiff must necessarily use the same evidence to prove both counts.

The use of the term "action" in § 8.01-229(E)(3) does not limit a plaintiff, who has suffered a nonsuit, to one right of action. To require a plaintiff to institute the exact same action and then move to amend to add another right of action arising out of the same cause of action would be duplicative and burdensome. The Motion for Judgment is not time-barred. The Plea in Bar is overruled.