## CIRCUIT COURT OF CHESTERFIELD COUNTY

Jewellyn Nickson

 v.

Benjamin Rice, Sr., et al.

### Case No. CL03-69

BY JUDGE F. G. ROCKWELL, III

### June 22, 2004

The parties appeared by counsel before the Court on June 2, 2004, to argue defendants Dr. Anne Barnwell-Grayson and Anne Barnwell-Grayson, M.D., P.C. (Grayson PC) Special Pleas in Bar requesting exclusion of the following causes of action in Plaintiff's Amended Bill of Complaint: (1) informed consent, and (2) negligent hiring and retention, as well as their Demurrer to Counts III, IV, and V in Plaintiff's Amended Bill of Complaint. The parties submitted memoranda for the Court's consideration on the issues.

*Background*

This suit is before the court on alleged medical malpractice stemming from a laparoscopic cholecystectomy performed on Plaintiff Jewellyn Nickson in February of 2000 by Dr. Benjamin Rice and Dr. Barnwell-Grayson. Following a voluntary nonsuit of her 2001 complaint, Ms. Nickson filed a second Motion for Judgment against Dr. Benjamin Rice, Sr., on January 23, 2003, alleging Dr. Rice breached the standard of care by "negligently assisting, overseeing, and supervising Dr. Barnwell-Grayson who negligently cut plaintiff's common bile duct. . . ." MJ 1. The complaint was filed within the statute of limitations period provided for in Va. Code § 8.01-229(E)(3).

On December 12, 2003, Ms. Nickson filed an Amended Bill of Complaint adding the aforementioned Counts against Dr. Barnwell-Grayson and Grayson, P.C., alleging negligent hiring and retention and failure to give informed consent (Counts III and IV respectively). Ms. Nickson also requested punitive damages in the amount of $350,000 (Count V).

*Findings*

### I. Defendant Anne Barnwell-Grayson, M.D., P.C., and Anne Barnwell-Grayson, M.D., Special Plea in Bar

Defendants Dr. Barnwell-Grayson and Grayson, P.C., filed their Special Plea in Bar on January 20, 2004, arguing that Ms. Nickson's Amended Motion for Judgment included three counts based upon new causes of action arising out of an injury allegedly inflicted more than two years prior. It is the Defendants' position that the new causes of action were filed beyond the expiration of the statute of limitations on February 5, 2002, and are barred.

Ms. Nickson by counsel argued at the hearing that the added counts arise from the same cause of action or operative facts and are therefore not barred by the statute of limitations. Nickson makes the same argument in her Brief in Opposition to Demurrers and Special Pleas Filed by the Defendants, citing *Odeneal v. Thompson*, 63 Va. Cir. 71 (2003), for the proposition that a plaintiff may plead alternative theories of recovery. However, the facts of *Odeneal* apply to a complaint filed *within* the six-month period following a nonsuit and not to new causes of action made *after* the six-month period. Therefore, *Odeneal* is not persuasive.

Ms. Nickson also cites by analogy *Ritchie v. Norton Community Hospital*, 55 Va. Cir. 96 (2001), in which the plaintiff was permitted to amend her complaint after the statute of limitations had run provided that the new causes of action arose from the same conduct, transaction, or occurrence. *Id.* at 98, citing Va. Code Ann. § 8.01-6.1. In *Ritchie*, the Court allowed a mere an amendment of "Norton Community Hospital" to "includ[e] its doctors and its nursing staff," as an amended count predicated by the facts set forth in the original pleading. *Id.* at 97. In the case present, Ms. Nickson seeks to add a new party but under facts not pleaded in the Bill of Complaint. *Ritchie* will not save amended Counts III, IV, or V.

## A. Negligent Hiring and Retention

As noted above, Plaintiff Nickson references Dr. Barnwell-Grayson in her Motion for Judgment only to the extent that she "negligently cut plaintiff's common bile duct. . . ." MJ 1. Count III of her Amended Bill of Complaint states that Grayson, P.C., as a corporation "breached the standard of care by hiring and/or retaining Dr. Barnwell-Grayson to perform laparoscopic gallbladder surgery, when the corporation knew or should have known that defendant Dr. Barnwell-Grayson did not have the competency to safely perform such surgery." AMJ 4. This cause of action arises less out of cutting "plaintiff's common bile duct" and more from the hiring process. The Defendant cites a number of cases supporting the rule that a claim of negligent hiring focuses on and is the product of pre-surgical decision-making. Def. Memo 3. Read in context with Va. Code § 8.01-6, the Court finds that it must grant the Plea in Bar and dismiss Ms. Nickson's Amended Motion for Judgment as to Count III involving negligent hiring and retention.

## B. Informed Consent

Count IV of Ms. Nickson's Amended Motion for Judgment alleges that Dr. Barnwell-Grayson and Grayson P.C. "failed to inform Mrs. Nickson of the risks incident to laparoscopic gallbladder surgery, including the greater risk of having such surgery performed by defendant Grayson." AMJ 5. Comparable to Count III, the informed consent allegation, especially pertaining to Dr. Barnwell-Grayson's alleged propensity to conduct surgeries with inherent risks, calls for facts that cannot be derived from merely stating that Grayson negligently cut the common bile duct. Likewise, the Court must rule in favor of the defendants on their Plea in Bar.

### II. Defendant's Anne Barnwell-Grayson, M.D., P.C., and Anne Barnwell-Grayson, M.D., Demurrer to Plaintiff's Amended Motion for Judgment

Defendant Barnwell-Grayson filed her Demurrer concurrently with her Grounds of Defense, Affirmative Defenses, and with the separately-filed Plea in Bar. Grayson demurs specifically to Counts III, IV, and V. As Counts III and IV have been addressed, the Court need not discuss the demurrers. Count V of the Amended Motion alleges "willful and wanton conduct and/or conduct in disregard for the rights of Mrs. Nickson and the rights of others and/or criminal indifference to civil obligations owed to the plaintiff." *Id.*

The memos submitted by both parties acknowledged the standard of review for demurrer is as an admission of alleged and inferred facts. At this time, the Court finds no reason to deviate from the standard of pleading articulated by Judge Shelton in prior litigation, that "punitive damages may be recovered where the plaintiff has made an express claim for relief or *ad damnum* clause, sufficient to put the defendant on notice that an award of punitive damages is sought apart from, and in addition to compensatory damages." *Puffer v. Mills*, 34 Va. Cir. 101 (1994), citing *Harrell v. Woodson*, 233 Va. 117 (1987). The defendants cite several cases in their Memorandum (see Defendant's Memo 13) representing the standard for awarding punitive damages, a higher burden than that of the standard for pleading cited in *Puffer*. Accordingly, the Court finds that Ms. Nickson has met the standard of pleading and overrules defendant Nickson's demurrer as to this Count.

## Conclusion

For the aforementioned reasons, the Court grants the defendant's Special Plea in Bar and Motion to Reconsider Plaintiff's Amended Motion for Judgment as to added allegations of negligent hiring and retention and informed consent (Counts III and IV) and hereby dismisses those Counts from the Plaintiff's Motion for Judgment. The Court overrules the defendant's demurrer to Plaintiff's request for punitive damages.

*August 2, 2004*

The Court has addressed arguments made in hearing and briefs by Defendant Dr. Barnwell-Grayson in its letter opinion of June 22, 2004, and now rules on Defendant Dr. Benjamin Rice's Plea in Bar of the Statute of Limitations and Demurrer to Nickson's Amended Motion for Judgment. In tandem, the two letters resolve matters presented at the June 2, 2004, hearing.

In its June 22 letter, the Court granted Defendant Barnwell-Grayson's Special Plea in Bar and Motion to Reconsider Plaintiff's Amended Motion for Judgment as set forth in the added Counts of negligent hiring and retention and informed consent. Dr. Barnwell-Grayson's Demurrer as to punitive damages was overruled.

As stated in the June 22nd letter opinion, this suit arises out of alleged medical malpractice stemming from a laparoscopic cholecystectomy performed on Plaintiff Jewellyn Nickson in February of 2000 by doctors Benjamin Rice and Anne Barnwell-Grayson. Following a voluntary nonsuit of her 2001

complaint, Ms. Nickson filed a second Motion for Judgment against Dr. Benjamin Rice, Sr., on January 23, 2003, alleging Dr. Rice breached the standard of care by "negligently assisting, overseeing, and supervising Dr. Barnwell-Grayson who negligently cut plaintiff's common bile duct. . . ." MJ 1. The Plaintiff further alleged "Dr. Rice was negligent in failing to properly identify the biliary structure prior to the cut of the common bile duct by Dr. Barnwell-Grayson." *Id.* This second action was instituted within the tolled statute of limitations period provided for in § 8.01-229(E)(3) in the Code of Virginia, as amended (1950), at which point the Plaintiff had one year to obtain service of process on the Defendants. Rules of Sup. Ct. 3:3.

The Amended Motion for Judgment filed on December 12, 2003, contains the additional facts that Dr. Rice "knew that defendant Grayson in previous laparoscopic gallbladder surgeries on other patients had damaged or removed the common duct or other parts of the ductal system. . . . [that] defendant Rice knew [or] should have known that defendant Grayson did not have the competency to safely perform laparoscopic gallbladder surgery upon Mrs. Nickson." AMJ 3. Count VI of the Amended Motion restates the claim that Dr. Rice breached the standard of care by "negligently assisting, overseeing, and supervising defendant Grayson," and suggests in paragraph 27 that the breach should be viewed especially in the context of Dr. Rice's knowledge of Dr. Barnwell-Grayson's "history of damaging and injuring the ductal system. . . ." *Id.* at 6.

## Findings

### I. Defendant Dr. Benjamin H. Rice's
### Plea in Bar of the Statute of Limitations

In his Plea in Bar, Dr. Rice suggests that, since the Plaintiff did not include elements of negligent supervision in the nonsuited Motion for Judgment, those allegations may not be made in the Amended Motion for Judgment of January 23, 2003. Def's Plea in Bar, 2. However, since the second Motion for Judgment was timely-filed, the Amended Motion for Judgment should be measured against that Motion, not the nonsuited Motion. Va. Code § 8.01-229(E)(3) gives the plaintiff an opportunity to recommence the action against the Defendant according to the principles set forth in *Wallace v. Zoller*, 52 Va. Cir. 80 (Winchester 2000), referenced by both Plaintiff and Defendant Rice at the June hearing. While it is important to note that *Wallace* does not involve recommencement after a voluntary nonsuit, it does interpret "action" as the more inclusive "cause of action," or operative facts giving rise to a "right of action," or

theory of recovery. *Wallace* at 83.. Therefore, the Plaintiff appropriately commenced a new action alleging a breach in the standard of care via negligent supervision of Dr. Barnwell-Grayson.

The Plaintiff's second Motion for Judgment was timely filed in January of 2003 and the Defendants were served in the renewed action in December of the same year. The Amended Motion for Judgment however was filed after the tolling period ended; therefore, the complaints included in the December 2003 Motion must relate to those in the January 2003 Motion. The complaint that Dr. Rice has breached the standard of medical care in so far as "negligently assisting, overseeing, and supervising defendant Grayson" survives Defendant Rice's Plea in Bar regarding the statute of limitations.

*II. Dr. Rice's Demurrer to Plaintiff's*
*Amended Motion for Judgment*

In his Demurrer, Dr. Rice cites a number of cases supporting the common law rule that "negligent supervision" is not actionable in Virginia. Plaintiffs cite to *Chesapeake and Potomac Telephone v. Dowdie*, 235 Va. 55 (1988), which involves an employer's duties to his employees and not an employer's duties to his patients on behalf of his employees. However, *Dowdie* has since been applied to situations involving the duties of medical personnel in a supervisory role. *See Stottlemeyer v. Ghramm*, 60 Va. Cir. 474 (2001). The Court found a recent decision citing the same support in *Millman v. Snyder*, 65 Va. Cir. 62 (Fairfax County 2004), a dental malpractice case, stating the following:

> In *Chesapeake and Potomac Telephone v. Dowdie*, 235 Va. 55 (1988), the Supreme Court of Virginia refused to recognize H. Lee Dowdy's claim for negligent supervision. *Id*. at 61. In *Dowdy*, the plaintiff sued his employer, Chesapeake, alleging that it and its managerial employees negligently supervised him. The Court stated "there is no duty of reasonable care imposed upon an employer in the supervision of its employees under these circumstances and we will not create one here." *Id*. In light of *Dowdy*, other federal courts and state circuit courts have held that Virginia law does not recognize a cause of action for negligent supervision. Even if such a cause of action were recognized, as with vicarious liability, an adequate employer-employee relationship has not been sufficiently pleaded so as to give rise to any alleged duty to supervise Drs. Leventer or Xia.

*Id.* at 64-65 (citations omitted).

In fact, this Court has been able to find only one case in which a circuit court has determined that there *could be* a claim of negligent supervision; however, the facts involved the employing hospital's statutory breach of standard of care as an employer. *Elliott v. Cook*, 60 Va. Cir. 1 (Loudoun County 2002).

Absent any other authority to the contrary, this Court is compelled to rule in favor of the Defendant Dr. Rice on his demurrer.

## Conclusion

For these reasons, the Court denies the Defendant's Special Plea in Bar and Motion and sustains the Defendant's Demurrer.