## CIRCUIT COURT OF GREENE COUNTY

Robert M. Kalen

    v.

BurgerBusters III, L.C.

November 23, 1998

Case No. 98-2600

BY JUDGE EDWARD L. HOGSHIRE

In this suit to enforce a mechanic's lien by Complainant Robert M. Kalen, Respondent BurgerBusters has moved to dismiss for failure to join a necessary party. After listening to oral argument and considering the briefs submitted by the parties, the Court denies the motion to dismiss and grants the Complainant leave to amend for the reasons more fully described below.

### Statement of Facts

Kalen filed a mechanic's lien on November 26, 1997, seeking reimbursement of $4,028.50 that BurgerBusters allegedly owed him for completed construction work. Kalen submitted the enforcement complaint on February 13, 1998, which named both BurgerBusters and Lawyers Title Realty Services, Inc. ("LTRSI") as respondents. BurgerBusters was the owner of the real property sought to be subjected to the mechanic's lien, and LTRSI was the trustee for Franchise Mortgage Acceptance Company ("FMAC") under a deed of trust. In LTRSI's answer to the complaint, counsel indicated that he was mailing a copy of the answer to FMAC. Kalen failed, however, to name FMAC as a beneficiary of a deed of trust. On May 27 (one day after the expiration of the statutory six-month limitation), BurgerBusters filed a motion to dismiss for failure to join a necessary party. Kalen responded by moving for

leave to amend the complaint, but BurgerBusters claims that any such amendment would not relate back to the date of the complaint.

### Questions Presented

Is FMAC a necessary party to the enforcement action, and if so, would an amendment to the complaint adding FMAC relate back to the date of the original complaint?

### Discussion of Authorities

The first issue for consideration is whether FMAC was a necessary party to the enforcement suit. Based on due process concerns, the Virginia Supreme Court has held that beneficiaries of an antecedent deed of trust are necessary parties to suits to enforce the mechanic's lien. *Walt Robbins, Inc. v. Damon Corp.*, 232 Va. 43, 47 (1986). Kalen does not appear to contest the issue of whether FMAC is a necessary party in his filings. Therefore, based on *Walt Robbins* and Kalen's failure to contest the matter, the Court concludes that FMAC is a necessary party.

The Supreme Court has also observed that a "court is powerless to proceed with a suit unless all necessary parties are properly before the court." *Mendenhall v. Cooper*, 239 Va. 71, 74 (1990). Because Va. Code § 43-17 (1956) establishes a six-month limit on suits to enforce liens which runs from the date of lien perfection, Kalen's suit must be dismissed if an amendment adding FMAC does not relate back to the date of the original complaint.

Respondent relies heavily on *Mendenhall* for the proposition that the failure to include a necessary party within the six-month window is fatal to the complainant's claim. The Court concludes, however, that *Mendenhall* is distinguishable. In *Mendenhall*, the complainant did not attempt to add the necessary parties until more than a year after the filing of the mechanic's lien. The amendments sought to raise new claims as well:

> Furthermore, the amended bills, unlike the original bills, presented questions concerning the priority of the lien created by the antecedent deed of trust. The amended bills, therefore, not only added new defendants but also presented new and different claims. Therefore, the enforcement suits against the new defendants are deemed to have been commenced at the time of the amendments.

*Mendenhall,* 239 Va. at 76. Nothing in the *Mendenhall* opinion indicates that the new defendants had received notice of the suit during the six-month limitation period.

In the matter before the court, the complainant has not attempted to add new claims in his amendments. Rather, he only seeks to add FMAC as a party. Furthermore, and most significant, FMAC received actual notice of the enforcement action as early as March 16, 1998, the date when LTRSI sent FMAC the copy of its answer. Therefore, the due process concerns mentioned in *Walt Robbins* are not as troublesome here. The Court also notes that BurgerBusters, rather than FMAC, filed the motion to dismiss. BurgerBusters suffered no harm by Kalen's omission of FMAC.

Even if *Mendenhall* was not so readily distinguishable, another factor weighs in favor of granting Kalen leave to amend. The legislature recently amended Va. Code § 8.01-6, which governs amendments of pleadings and relation back. The current language provides:

> An amendment changing the party *against whom a claim is asserted, whether to correct a misnomer or otherwise,* relates back to the date of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Va. Code § 8.01-6 (1996). The 1996 amendment added the italicized language and broadened the application of the provision.

In *James T. Bush Constr. Co. v. Patel,* 243 Va. 84 (1992), the Court found an enforcement suit improper where it failed to name a necessary party within the six-month window. "Dominion, then, is a necessary party in Bush's suit to enforce its mechanic's lien and was required to be named as a defendant within the statutory time period. Failure to do so defeats Bush's suit to enforce its mechanic's lien." *Id.* at 88. After that last sentence, however, the Court stated in a footnote: "We note that the General Assembly amended § 8.01-6 during the course of this litigation. As neither party nor the trial court addressed that section, we express no opinion on it." *Id.* at n. 2. The Court was referring to the 1990 amendments, but the statute was amended in 1996 as

well. Therefore, both *Mendenhall* and *Bush Constr. Co.* were decided prior to the expansion of § 8.01-6.

The "or otherwise" language in the statute suggests that a liberal construction of the provision is appropriate. While Kalen is not seeking to correct a misnomer, he does seek to add a party that had actual notice and that appears closely tied with LTRSI. On these facts, the Court holds that relation back is appropriate if the conditions of § 8.01-6 are satisfied.

The first condition is that the claim arose out of the same conduct, transaction, or occurrence set forth in the complaint. Kalen would press the exact same claim against FMAC that he has pursued against BurgerBusters and LTRSI, and they all arise from the same transaction. The second requirement is that the added party must have received notice of the action so that it will not be prejudiced in maintaining a defense on the merits and it knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. As noted above, FMAC received actual notice of the suit by receiving the answer to the complaint. Therefore, it will not be prejudiced in defending on the merits. Indeed, if FMAC would suffer such prejudice, the Court would expect it, rather than BurgerBusters, to move for dismissal. Finally, based on the close connection between LTRSI and FMAC and FMAC's receipt of information concerning the suit, the Court finds that it knew or should have known that but for Kalen's mistake, the enforcement action would have been brought against it as well.

Equitable principles, along with a unique factual setting and the liberalization of § 8.01-6, demand that Kalen be granted leave to amend and that the amendment relate back to the date of the original complaint. FMAC received notice more than two months prior to the expiration of § 43-17's six-month window, and it had ample time to prepare for a defense on the merits. BurgerBusters did nothing during these two months, hoping that Kalen would not rectify his mistake, and then it filed the motion to dismiss the very day after the six-month period elapsed. Given this scenario, the equities weigh in favor of granting leave to amend.

## Conclusion

For the above-stated reasons, the Court grants Kalen's motion for leave to amend the complaint, holds that the amendment relates back to the date of the original complaint, and denies BurgerBusters' motion to dismiss.