# CIRCUIT COURT OF ALBEMARLE COUNTY

James L. Ingraham

    v.

Charlottesville
Hotel Associates, L.P., and
Hospitality Management, Ltd.

November 4, 1999

Case No. CL97-7064

By Judge Paul M. Peatross, Jr.

This matter comes before the Court on the Motion to Dismiss of Defendant Hospitality Management, Ltd. ("Hospitality"). Argument was heard on the Motion on October 1, 1999, and the Court took the matter under advisement. For the reasons set forth below, the Court overrules Defendant's Motion.

### Background

Plaintiff, James L. Ingraham, allegedly suffered serious personal injury on August 5, 1995, after slipping from a toilet seat at the Sheraton Hotel in Charlottesville, Virginia. Mr. Ingraham filed this action against Defendants, Charlottesville Hotel Associates, Limited Partnership ("CHALP") and Harrisonburg Hotel Associates Limited Partnership ("HHALP") on August 4, 1997. Mr. Ingraham also sent that day via Federal Express a copy of the Motion for Judgment to Hospitality. He did not, however, seek to add Hospitality as a defendant until October 1, 1998, when he filed his Motion for Leave to Amend Motion for Judgment. Mr. Ingraham explained in that Motion that it was revealed for the first time in a deposition taken on September 1, 1998, that Hospitality managed the Sheraton in Charlottesville.

The Court granted that Motion, and Mr. Ingraham filed his Amended Motion for Judgment naming Hospitality as a defendant on April 28, 1999. Hospitality was served with the Amended Motion for Judgment on May 3, 1999. This Motion to Dismiss contends that the action is time-barred by the application of Rule 3:3(c) of the Supreme Court of Virginia, which requires a defendant be served with process no more than one year following the commencement of an action against that defendant, absent a court finding that the plaintiff exercised due diligence to have timely service made, as codified in Virginia Code § 8.01-275.1. *See, Gilbreath v. Brewster*, 250 Va. 436, n. 3 (1995).

### *Discussion of Authority*

The Court granted Mr. Ingraham's Motion for Leave to Amend Motion for Judgment pursuant to Virginia Code § 8.01-6, which provides:

> An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date of original pleading, if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The issue at bar, apparently one of first impression in Virginia's courts, is how Rule 3:3(c) should be applied in conjunction with § 8.01-6. Hospitality argues that if under § 8.01-6, Mr. Ingraham's Amended Motion "relates back to the date of the initial pleading," his claims against Hospitality must be deemed to have been commenced on August 4, 1997, and service of process on May 3, 1999, well over one year after the original filing, was untimely by Rule 3:3(c).

Hospitality's interpretation severely restricts the purpose of § 8.01-6, which is to toll the statute of limitations to allow a suit that was timely pursued against one party to later include another party that had such timely notice as not to be prejudiced in maintaining a defense. Since § 8.01-6 will only be invoked when the limitations period has run (relation back is otherwise unnecessary), Hospitality's reasoning would limit application of § 8.01-6 to

allow amendments changing parties only within one year of the original filing date, regardless of lack of prejudice or timely pursuit of the original claim.

The purpose of Rule 3:3(c) is to bar claims never timely pursued or where due diligence has not been exercised in serving process on a specific named defendant. Rule 3:3(c) does not impose a due diligence requirement on discovery and the identification of instances where, "whether by misnomer or otherwise," § 8.01-6 is needed. A better application of Rule 3:3(c) to the situation at bar would be to consider the timeliness of service on Hospitality from the time that defendant was named: in this case, five days. Since the Court does not find the service untimely, no showing of due diligence is required.

For the reasons set forth above, the Court overrules Defendant Hospitality's Motion to Dismiss.