## CIRCUIT COURT OF LOUDOUN COUNTY

Joy Gearing

v.

Every Citizen
Has Opportunities, Inc.,
and Lawson Road
Industrial Condominiums
Unit Owners Association

March 19, 2002

Case No. (Law) 25780

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on March 1, 2002, for argument on the Demurrer of the Defendant, Every Citizen Has Opportunities, Inc. ("Echo"), and the Plea in Bar of the Defendant, Lawson Road Industrial Condominiums Unit Owners Association ("Lawson Road") to the Motion for Judgment. For reasons stated from the bench, the Demurrer of Echo was overruled and an order has been entered. The Plea in Bar of Lawson Road was taken under advisement.

For the reasons hereinafter set forth, the Plea in Bar of Lawson Road is sustained.

*Facts*

At argument on the Plea in Bar, the parties agreed that the facts alleged in the Plaintiff's "Memorandum in Opposition" could be considered as facts for

purposes of ruling on the Plea in Bar. The facts that follow are derived from the following sources:

(1) the facts stated in the Plaintiff's "Memorandum in Opposition";

(2) the pleadings and orders in the law action in this Court styled *Joy Gearing v. ECHO, INC., d/b/a Lawson Road Industrial Condominiums* (hereinafter sometimes referred to as "ECHO"), and Chad Dow, d/b/a B&B Appliance and Lawn Equipment, at Law No. 23803 (hereinafter sometimes referred to as "the first action"); and

(3) the pleadings in the above styled case (hereinafter sometimes referred to as "the present action" or "the second action").

The Plaintiff, Joy Gearing, slipped and fell on January 11, 1999, at the Lawson Road Industrial Condominiums complex in Leesburg. On August 4, 2000, the Plaintiff filed the first action. The registered agent for ECHO, INC., was served with process more than one year after the first action was filed. The Plaintiff nonsuited ECHO by order entered November 27, 2001. The first action continues against Chad Dow, d/b/a B&B Appliance and Lawn Equipment.

On December 18, 2001, the Plaintiff filed the present action against Echo and Lawson Road. Lawson Road filed its Plea in Bar asserting that any claim against it is barred by the two-year statute of limitations for personal injuries.

Echo and Lawson Road had actual notice of the institution of the first action shortly after it was filed. William Haney, CEO of Echo and vice-president, secretary, and treasurer of Lawson Road, received notice of the first action shortly after it was filed, and he spoke to Chad Dow about it.

## Legal Analysis

The Plea in Bar asserts that the Plaintiff's claim against Lawson Road is barred by the two year statute of limitations. The Plaintiff was allegedly injured on January 11, 1999, and the present action was not filed until December 18, 2001.

The Plaintiff takes the position that she previously sued Lawson Road in the prior action when she sued ECHO. As permitted by Va. Code § 8.01-229(E)(3), she recommenced her action within six months. Hence, she argues that the statute of limitations has not run on her claim against Lawson Road.

The Plaintiff's argument appears to be threefold. First, Lawson Road is the same entity as ECHO. Second, ECHO, INC., d/b/a Lawson Road Industrial Condominiums, is a misnomer, and the right name of the defendant is Lawson Road Industrial Condominiums Unit Owners Association. Accordingly, under Va. Code § 8.01-6, she argues that she is permitted to

right name, be amended by inserting the right name.

amend her pleadings and proceed against Lawson Road. Third, she asserts that the two names (ECHO and Lawson Road) are confusing trade or corporate names, and accordingly, Va. Code § 8.01-6.2(A) allows her to amend her pleadings and proceed against Lawson Road.

The Plaintiff also cites Va. Code § 8.01-6.1 as a basis to amend her pleadings and proceed against Lawson Road. Va. Code § 8.01-6.1 concerns an amendment to a pleading changing or adding a claim or defense. Assuming that adding a claim in a refiled motion for judgment is the same as amending a pleading, Va. Code § 8.01-6.1 does not apply because no claim is being added in the second suit. The issue of whether the filing of a subsequent motion for judgment arising out of the same conduct, transaction, or occurrence is an amendment to a pleading is discussed later in this opinion letter.

ECHO, Inc., d/b/a Lawson Road Industrial Condominiums, is not the same entity as Lawson Road Industrial Condominiums Unit Owners Association. By merely examining the names, the former appears to be a corporation doing business under another name while the latter appears to be an association. A corporation and an association of condominium unit owners are different legal entities. I do not think the two names are so similar or carry in them any indicia so as to cause a reasonable person to believe that they are the same entity.

When Lawson Road filed its Plea in Bar asserting the two-year statute of limitations, the burden fell on the Plaintiff to show that she had brought suit against it within the two-year limitations period. The only way she can show that she did is to show that ECHO is the same entity as Lawson Road. She failed to present any evidence that they are the same entity.

The Plaintiff did not recommence her action against the same defendant when she filed the second action.

Because ECHO, INC., d/b/a/ Lawson Road Industrial Condominiums, is not the same entity as Lawson Road Industrial Condominiums Unit Owners Association, the Plaintiff can maintain this action against Lawson Road only if the "relation back" provisions of Va. Code § 8.01-6 and 8.01-6.2(A) apply under the facts of this case.

Va. Code § 8.01-6 provides:

A misnomer in any pleading may, on the motion of any party, and on affidavit of the right name, be amended by inserting the right name. An amendment changing the party against whom a claim is asserted, whether to correct a misnomer or otherwise, relates back to the date

of the original pleading if (i) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading and (ii) within the limitations period prescribed for commencing the action against the party to be brought in by the amendment, that party received such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits and he knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.

I think that the Plaintiff's reliance on Va. Code § 8.01-6 to correct a misnomer is misplaced. ECHO is not a misnomer. A misnomer arises when the right person is incorrectly named, not where the wrong defendant is named. *Swann v. Marks*, 252 Va. 181, 476 S.E.2d 170 (1996) (a decedent's personal representative cannot be substituted for a decedent's estate under the concept of correcting a misnomer). There is no evidence that a corporation doing business under a trade name is the right defendant. In filing the second suit against Lawson Road, the Plaintiff takes the position that the correct defendant is a condominium unit owner association, not a corporation. Further, there is no evidence that ECHO is merely an incorrect name for Lawson Road.

Va. Code § 8.01-6 can apply when the party against whom a claim is asserted is changed "whether to correct a misnomer or otherwise." In the second action, the Plaintiff has changed the party against whom her claim is asserted from ECHO to Lawson Road. If Va. Code § 8.01-6 applies when such a change in parties occurs, then the "relation back" provision comes into effect if the requirements of subparts (i) and (ii) of the statute are met. I think the evidence supports a finding that the requirements of these two subparts have been met. However, Va. Code § 8.01-6 by its terms only applies to an amendment to a pleading.

Va. Code § 8.01-6 and its "relation back" provisions are in derogation of common law. Because the statute changes common law its application must be limited to its express provisions. *Vaughn, Inc. v. Beck*, 262 Va. 673, 677, 554 S.E.2d 88 (2001). The statute clearly states that only an "amendment . . . relates back to the date of the original pleading." It is silent as to the recommencement of an action after a nonsuit. I think the legislature deliberately applied the "relation back" provisions only to amendments to pleadings because it only wanted the provisions to apply if a court in the exercise of its discretion permitted an amendment changing the party against whom a claim is asserted. Amendments to add or substitute a proper party lie

within the discretion of the court under Va. Code § 8.01-5. Under Rule 1:8, no amendments shall be made to any pleading after it is filed save by leave of court.

The voluntary actions of the Plaintiff in this litigation are crucial. The plaintiff voluntarily chose to nonsuit ECHO. Certainly, she had the right to do so. A nonsuit puts an end to the action. *Gemmell v. Svea Fire, etc. Ins. Co.*, 166 Va. 95, 97, 184 S.E. 457 (1936). In a case concerning the apparent conflict between Va. Code § 8.01-229(E)(3) (six months to recommence action after a nonsuit) and Rule 3:3(c) (one year to effect service rule), the Virginia Supreme Court resolved the issue by recognizing the rule that an action ends with a nonsuit order. *Clark v. Butler Aviation*, 238 Va. 506, 385 S.E.2d 847 (1989). Because the first action has ended there is no pleading to be amended changing a party against whom a claim is asserted.

Va. Code § 8.01-6 does not apply to the second action.

The Plaintiff cites several circuit court cases in support of her argument. *Ingraham v. Charlottesville Hotel Associates*, 50 Va. Cir. 385 (1999), is not factually or legally similar because it involves a motion to dismiss under Rule 3:3(c) (one year to effect service rule) after leave was granted to amend a motion for judgment to add a new party that had notice of the institution of suit within the limitation period. It involved the interplay between Rule 3:3(c) and Va. Code § 8.01-6. It did not involve a refiling after a nonsuit.

*Ritchie v. Norton Community Hosp.*, 55 Va. Cir. 96 (2001), involves Va. Code § 8.01-6.1. In *Ritchie* the plaintiff nonsuited a medical malpractice action against two defendants. The refiled motion for judgment contained new claims of malpractice against the defendants. Although the procedural posture of the case is not set forth in the opinion, the court in *Ritchie* applied the requirements of Va. Code § 8.01-6 to the refiled motion for judgment to determine if it relates back to the first motion for judgment so as to prevent a statute of limitations bar. The court observed that it would duplicate, delay, and unduly burden a plaintiff to be required to file the identical nonsuited action and then move to amend under Va. Code § 8.01-6. *Ritchie* does not involve a misnomer or initially suing the wrong defendant.

*Kalen v. BurgerBusters III, L.C.*, 47 Va. Cir. 388 (1998), is also not applicable to the circumstances of this case. *Kalen* involves a mechanics lien enforcement proceeding where the complainant failed to name a necessary party before the expiration of the six-month limitation period. The court in Kalen granted the complainant's motion to amend the bill of complaint to add the necessary party defendant and denied a motion to dismiss by applying the relation-back provisions of Va. Code § 8.01-6.

The Plaintiff also cites *Lake v. Northern Va. Women's Medical Center*, 253 Va. 255, 483 S.E.2d 220 (1997). *Lake* is merely an amendment of pleadings case where the trial court's decision not to permit an amendment to a motion for judgment to name the proper defendant was reversed by the Supreme Court. It did not involve any of the relation-back statutes (Va. Code §§ 8.01-6, 8.01-6.1, and 8.01-6.2).

The Plaintiff also relies on Va. Code § 8.01-6.2(A), which provides:

A pleading which states a claim against a party whose trade name or corporate name is substantially similar to the trade name or corporate name of another entity may be amended at any time by inserting the correct party's name, if such party or its agent had actual notice of the claim prior to the expiration of the statute of limitations for filing the claim.

I do not agree with the Plaintiff that ECHO, INC., d/b/a Lawson Road Industrial Condominiums, is a trade name or a corporate name substantially similar to the name of Lawson Road Industrial Condominiums Unit Owners Association. Therefore, the provisions of Va. Code § 8.01-6.2(A) are not applicable to this case. The names are not substantially similar for the same reasons that the two are separate and distinct entities.

It is crucial in this case that the Plaintiff sued an entity in the prior suit, nonsuited that entity, and then refiled against two separate and distinct entities. Echo did not move to dismiss the second motion for judgment. By not filing a motion to dismiss, Echo impliedly agrees that the Plaintiff may refile after the nonsuit and avoid the application of the two-year statute of limitations under Va. Code § 8.01-229(E)(3) as to Echo. But this implied agreement by Echo is not binding on Lawson Road.

The Plaintiff has a duty to name the proper parties as defendants in the motion for judgment. *Baldwin v. Norton Hotel, Inc.*, 163 Va. 76, 80, 175 S.E. 751 (1934). There is no indication in this case that any defendant prevented the Plaintiff from naming the correct defendant or defendants in the first motion for judgment as occurred in *Lake*. I understand the predicament in which the Plaintiff found herself when she did not obtain service on ECHO until after a year from the filing of the first motion for judgment. She voluntarily chose to nonsuit ECHO and refile against Echo and Lawson Road, as opposed to moving for leave to amend the first motion for judgment to insert the right name of ECHO or to add Lawson Road as a party defendant.

The relation-back statutes are contrary to common law. If they were consistent with common law, then there would be no need for them. As such, the statutes must be strictly construed. I feel that, with due respect to the decision in Ritchie, the relation-back provisions should apply only when there is an amendment to a pleading. If the legislature had intended for the relation-back rules to apply in a nonsuit followed by a refiling, then it would have so provided in the statutes. Unlike *Ritchie*, I do not think that I can apply the provisions of a relation-back statute except where the statute specifically allows it. It is a matter more appropriately reserved for the legislature.

The decision in Ritchie was based in part on the diligence of counsel for the plaintiff in asserting the amended claim. Diligence of counsel for the Plaintiff in this case is at least questionable. The Plaintiff offered no explanation for why she initially sued ECHO or how or when she discovered or came to the conclusion that she needed to sue Echo and Lawson Road. Ownership of real estate can be readily determined from the land records.

The Plea in Bar is sustained because I conclude that the Plaintiff did not bring suit against Lawson Road until after the statute of limitations had run on her claim against it. Va. Code §§ 8.01-6 and 8.01-6.2(A) are of no help to the Plaintiff because the Plaintiff did not move for leave to amend her motion for judgment in the first action.

Let Mr. Beachy prepare an order sustaining the Plea in Bar and dismissing the motion for judgment against Lawson Road. Counsel for the Plaintiff may note any exceptions thereto.