# CIRCUIT COURT OF THE CITY OF NORFOLK

Veronica Harvey

v.

Mechanical Air
Services, Inc.,
d/b/a Mr. Comfort

October 26, 2005

Case No. (Law) CL05-693

BY JUDGE CHARLES E. POSTON

The Court today addresses the Defendant's Special Plea of the Statute of Limitations and Motion to Dismiss. For the following reasons, the Court grants the Defendant's Motion to Dismiss.

*Facts and Procedural History*

On September 29, 1998, the Plaintiff and the Defendant entered into a written contract in which the Defendant promised to furnish and install a new supply duct system in the Plaintiff's home. The Defendant signed the contract as "Mr. Comfort," a registered trade name of the Defendant under Virginia Code § 59.1-69. The Plaintiff contends that the new system "has continually spewed fiberglass insulation and metal shavings into the Plaintiff's home," making the house uninhabitable. The Plaintiff alleges that the Defendant has examined the problem on several occasions, was unable to discover a solution to the problem, and has since refused to make any more trips to Plaintiff's residence to attempt to fix the ducts.

The Plaintiff filed a Motion for Judgment against Mr. Comfort on September 29, 2003, and nonsuited the case without ever serving the Defendant on September 28, 2004. On March 25, 2005, the Plaintiff brought the present suit against Mechanical Air Services. The Defendant filed a Special Plea of the Statute of Limitations and Motion to Dismiss on June 16, 2005.

*Analysis*

The parties do not dispute that this claim is based on a written contract, and therefore a five-year statute of limitations applies. Va. Code Ann. § 8.01-246 (Michie 2000). Because the alleged breach of contract occurred on September 29, 1998, the Plaintiff had until September 29, 2003, to bring her claim against the Defendant. Va. Code Ann. § 8.01-230 (Michie 2000) (providing that a cause of action in contract is deemed to accrue upon the breach of the contract and the applicable statute of limitations runs from that date). In this case, the Plaintiff brought her claim against the Defendant on March 25, 2005. Therefore, the Plaintiff's claim would normally be barred by the statute of limitations.

However, the Plaintiff did file a claim against Mr. Comfort on September 29, 2003. Once filed, the Plaintiff had one year to effect service on the opposing party. Va. Sup. Ct. Rule 3:3. Having taken a nonsuit before the end of that year, the Plaintiff received an additional six months in which to file the suit. Va. Code Ann. § 8.01-229(E)(3) (Michie 2000). Therefore, the plaintiff claims that, because the statute was tolled, her filing against the Defendant was timely.

The Supreme Court of Virginia has stated that "to toll the statute of limitations, a suit must be filed against a proper party." *Swann v. Marks*, 252 Va. 181, 184, 476 S.E.2d 170, 171 (1996). A Virginia corporation has the power to "to sue and be sued, complain and defend in its corporate name." Va. Code Ann. § 13.1-627(1) (Michie Supp. 2005). A suit against a corporation in Virginia must be brought against the corporation itself, not against the corporation's trade name or a similar name. *Leckie v. Seal*, 161 Va. 215, 226-27, 170 S.E.2d 844, 848 (1933). Because the Plaintiff failed to name the correct party in her initial Motion for Judgment, the statute of limitations was not tolled for the Plaintiff's claims against the Defendant.

The Plaintiff argues that her claim should proceed nonetheless because the Supreme Court of Virginia stated in *Jacobson v. Southern Biscuit Co.*, 198 Va. 813, 817, 97 S.E.2d 1, 4 (1957) "if the right party is before the court although under a wrong name, an amendment to cure a misnomer will be allowed, notwithstanding the running of the statute of limitations, provided there is no change in the cause of action originally stated." This holding appears to

state the rule codified in Virginia Code §§ 8.01-6 and 8.01-6.2. Those sections allow a party to amend a pleading by inserting the correct name of a party in the event of a misnomer or a "pleading which states a claim against a party whose trade name or corporate name is substantially similar to the trade name or corporate name of another entity." In both instances, the party must have received notice before the expiration of the statute of limitations. Va. Code § 8.01-6, 6.2 (Michie 2000).

The primary issue in this case, then, is whether the defendant may amend her initial pleadings to cure the misnomer. In *Gearing v. Every Citizen Has Opportunities, Inc.*, 59 Va. Cir. 41, 42 (Loudoun County 2002) (Chamblin, J.), the plaintiff was injured when she slipped and fell outside the Lawson Road Industrial Condominiums complex on January 11, 1999. She filed suit on August 4, 2000, against Every Citizen Has Opportunities, Inc. (ECHO) and Chad Dow. She then voluntarily dismissed the suit against ECHO on November 17, 2001, but re-filed the suit against ECHO and Lawson Road Industrial Condominiums Unit Owners Association (Lawson Road) on December 18, 2001. *Id.*

Lawson Road claimed that the statute of limitations period had run on Gearing's claim against it. The plaintiff contended that she had actually sued Lawson Road in the first action, when she sued ECHO and therefore, under Virginia Code § 8.01-229(E)(3), she could recommence her action against Lawson Road within six months of the voluntary dismissal. First, the court determined that ECHO and Lawson Road were not the same entities. Since the entities were not the same, the court reasoned, the misnomer statute was not applicable. *Id.* at 43-44. The Court also considered whether Virginia Code § 8.01-6 could even apply to a claim once a case had been nonsuited.

> Va. Code § 8.01-6 and its "relation back" provisions are in derogation of common law. Because the statute changes common law, its application must be limited to its express provisions. The statute clearly states that only an "amendment . . . relates back to the date of the original pleading." It is silent as to the recommencement of an action after a nonsuit. I think the legislature deliberately applied the "relation back" provisions only to amendments to pleadings because it only wanted the provisions to apply if a court in the exercise of its discretion permitted an amendment changing the party against whom a claim is asserted. . . .

> A nonsuit puts an end to the action. . . . Because the first action has ended, there is no pleading to be amended changing a party against whom a claim is asserted. . . .
>
> Va. Code § 8.01-6 does not apply to this action.

*Id.* at 44-45. Clearly, the Circuit Court based its holding in part on the conclusion that, upon voluntarily dismissing a cause of action, a plaintiff cannot amend the dismissed pleadings in subsequent litigation to toll the statute of limitations against a new party.

Likewise, this Court made a similar ruling in *Antoine v. Reeves*, 63 Va. Cir. 585 (2004) (Jacobson, J.). In that case, a plaintiff was injured in an automobile accident on April 26, 2000. On December 3, 2001, the other motorist, Reeves, died testate. The plaintiff brought suit against Reeves on April 5, 2002, over four months after she died. On April 4, 2003, the plaintiff voluntarily nonsuited the case and re-filed the case against Reeves on September 25, 2003. *Id.* at 585.

The defendant argued that, because Reeves was dead, the suit should have been brought against Reeves's personal representative. Because the proper party was not named in the first suit, it was a "legal nullity" and could not toll the statute of limitations for the second suit. The plaintiff responded that, under Virginia Code § 8.01-6, the original pleading could be amended to state the correct party. This Court disagreed. Relying on *Gearing*, the Court held that the relation back statutes were in derogation of the common law, must be narrowly construed, and therefore could not apply to motions for judgment that had been nonsuited. *Id.* Because the first motion for judgment had been filed against the incorrect party, the action failed to toll the statute. The case was dismissed as time barred. *Id.* at 586-87.

The Plaintiff should not be able to amend her initial motion to name the proper party after it has been nonsuited. Other circuit courts have reached the same conclusion, based on the cogent principle that, once a motion for judgment has been nonsuited, the case is terminated and there is nothing left to amend. As a result, the Plaintiff's initial filing did not toll the statute of limitations against the Defendant and her claim is time barred.

The Plaintiff also argues that the Defendant should be estopped from claiming that its name is not "Mr. Comfort," because the initial contract bore that name instead of Mechanical Air Services, Inc. Virginia law, however, allows a corporation to use a trade name when conducting business, provided the trade name is registered with the Virginia State Corporation Commission. Va. Code § 59.1-69 (Michie 2001). In this case, the Defendant has filed the name with both the Commission and the Clerk of the Norfolk Circuit Court. Had the

Plaintiff wished to discern the Defendant's true name when signing the contract or bringing the first suit, she could have easily done so. Her failure to sue the proper entity is attributable to her own inaction, not to any deviousness by the Defendant. The Court holds that the Defendant is not estopped from stating that its true name is Mechanical Air Services, Inc., and not Mr. Comfort.

Finally, the Plaintiff's asserts that the Defendant's argument, taken to an extreme, would prevent fictitious entities from contracting. The Plaintiff's argument is not well grounded. The Virginia Code allows duly registered corporations to transact business using a registered trade name without escaping liability. *Id.* Nothing in the law or in Defendant's arguments goes so far as the Plaintiff suggests.

## *Conclusion*

The Plaintiff's claim is barred by the statute of limitations. While the statute might have been tolled had the Plaintiff named the proper party initially, the Plaintiff failed to do so. It follows that the Plaintiff may only maintain the present action if she can amend her original Motion for Judgment to substitute Defendant's actual name for its trade name. She cannot do so because, once a suit has been voluntarily dismissed, its pleadings may not be further amended. Therefore, the Defendant's Motion to Dismiss and Special Plea of the Statute of Limitations is granted.